

FILED

abas

NOV 1 4 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

Debtor / Movant
Eric Solorio, in Pro Se
34 Sage Grouse Court
Sacramento, CA 95834
Telephone: (916) 769-3777

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

In re:

ERIC KHAN SOLORIO, and

ELENA VALERJEVNA SOLORIO,

                                    Debtors.

————————————————

JOHN R. ROBERTS,

                                    Trustee.

Case No. 10-36484-A-7

Chapter 7 Proceedings

**ERIC K. SOLORIO'S DECLARATION IN SUPPORT OF MOTION TO FIND LARRY DEANE, DONALD WANLAND JR., JASON BURGESS AND JOHN SINADINOS, IN CONTEMPT OF 11 U. S. C. §524 and §362(a), IMPOSE SANCTIONS AND AWARD PUNITIVE DAMAGES**

Date:    December 19, 2011
Time:    10:00 a.m.
Judge:   Honorable Michael S. McManus
Dept.:   "A"
Ctrm:    28
Place:   U.S. Bankruptcy Court
         501 "I" Street
         7th Floor
         Sacramento, CA 95814

        I, Eric K. Solorio, declare:

        1.      I have personal knowledge of the matters stated in this declaration and, if called as a witness, would testify competently under oath to these facts.

        2.      I have always been and continue to be the Manager of Natomas Gardens Investment Group llc ("Natomas").

        3.      As the Manager of Natomas, I retained Mr. Barth and sought his assistance because Messrs. John Sinadinos and Stanley Foondos had refused my

1

1  access to the books and records of two partnerships that Natomas was a 45% partner in

2  - Village Capital group llc and Vintage Creek llc.

3          4.      Attached to this declaration as **Exhibit A** is a true and correct copy of a

4  letter dated April 4, 2008, that I directed Natomas' counsel, Thomas Barth, to write and

5  send to John Sinadinos and Stanley Foondos in an effort to obtain the books and

6  records of Village Capital group llc and Vintage Creek llc. The letter was in fact sent to

7  Messrs. Sindinos and Foondos via facsimile and US Mail.

8          5.      Attached to this declaration as **Exhibit B** is a true and correct copy of a

9  letter dated May 9, 2008, that I directed Natomas' counsel, Thomas Barth, to write and

10  send to Carl Blaine, Esq., counsel for Messrs. John Sinadinos and Stanley Foondos.

11  The letter was sent to Mr. Blaine in an effort to obtain access to the books and records of

12  Village Capital group llc and Vintage Creek llc.

13          6.      In late 2003, I was introduced to Larry Deane ("Deane") through a mutual

14  acquaintance, Steven Westlake. Deane purported to personally have the financial

15  capacity to fund development projects. It soon became evident that Deane did not have

16  any financial capacity for such and he then introduced me to a local attorney who was a

17  private money manager and could purportedly fund Natomas' development projects. The

18  private money manager was John Sinadinos ("Sinadinos") who eventually invested

19  money from his Chicago-based investors into Natomas' projects. Both Sinadinos and his

20  investors vested their economic interest in Natomas' projects through separate

21  companies other than Natomas; such separate companies were not members of

22  Natomas at any time.

23          7.      Between 2004 and 2007, the two separate partnerships, Village Capital

24  Group llc and Vintage Creek llc, received a total of more than $10 million dollars of

25  proceeds from the sales of the land that Natomas had originally acquired rights to

26  purchase and develop. Those monies were paid through escrow by KB Homes and Tim

27  Lewis Communities, respectively.

28          8.      On or about August 2007, after numerous failed attempts to gain access to

2

1   Village Capital Group llc and Vintage Creek llc books and records, I became suspicious

2   of potential wrongdoing against Natomas by Sinadinos and Foondos. I then decided it

3   was necessary and therefore did retained a forensic accountant, Joy Urquart with the

4   firm Ultezen & Co., a private investigator, Randy Sprague, and legal counsel, Thomas

5   Barth, Tozer & Timm, in order for Natomas to gain access to the books and records.

6       9.      I am not an attorney nor do I have any training in law nor have I been

7   trained in how to do legal research or prepare legal documents.

8       10.     Since Larry Deane filed his Motion to Dismiss, I have spent more than 160-

9   hours reviewing, researching and understanding his Motion and the 38 court cases and

10  a dozen statutes he cited and argued in over 400 pages of legal documents that he,

11  Donald Wanland Jr., Jason Burgess and John Sinadinos filed in the District Court – after

12  I filed my petition for bankruptcy.

13      11.     Since Larry Deane filed his Motion to Dismiss, I also have spent more than

14  250-hours researching more than 150 additional court cases to inform me in preparing

15  and filing my own Opposition and a Supplemental Brief which cited 25 of those cases;

16  and also preparing this Motion citing another 24 of those cases and nine statutes.

17      12.     As a result of spending more than 400-hours responding to the violations of

18  the automatic stay, I have missed 45-days of work from my job where I manage project

19  teams consisting of more than 20 professionals, each. Attached to this declaration as

20  **Exhibit C** are copies of my time sheets showing which work days I've missed.

21      13.     As a result of spending more than 400-hours responding to the violations of

22  the automatic stay, I've spent significantly less time with my two daughter who were age

23  3 and 5, respectively, at the time of Deane filing his Motion. My being unavailable to

24  assist my wife with raising our children has caused significant hardships in our marriage

25  over the past 17-months and resulted in both my wife and I being physically exhausted

26  and getting agitated easily, and arguing with each other.

27      14.     As a result of having to deal with the violations of the automatic stay, I have

28  suffered from significant emotional distress causing physical side-effects such as:

3

1    migraine headaches, nausea and vomiting, loss of appetite, difficulty sleeping, anxiety

2    and depression. These physical side-effects have caused me to take at least 30-days off

3    of work from being sick. The nausea and vomiting were so bad that I had to seek both

4    diagnosis and treatment. I have seen my doctor, Mr. Arash Nassim MD, on numerous

5    occasions since Larry Deane filed his Motion to Dismiss, including twice during June

6    2010 and again on August 18, 2010 and March 28, 2011. Attached to this declaration as

7    **Exhibit D** is a printout I obtained on November 11, 2011, from Mercy Medical Group

8    when I asked for a list of my past appointments.

9          15.    Dr. Nassim diagnosed me with depression and anxiety, and prescribed

10   medication for me to take as needed to avoid the nausea and vomiting and difficulty

11   sleeping. He prescribed other treatments also which I'm doing. Since Larry Deane first

12   violated the automatic stay, in order to treat the physical side-effects from the emotional

13   distress, I've needed to take my medication at least 150 times and had to obtain refills on

14   August 18, 2010, January 21, 2011, and August 9, 2011. Attached to this declaration as

15   **Exhibit E**, which lists the dates I obtained refills.

16         16.    As the Manager of Natomas and also Orchard Park Development llc

17   ("Orchard"), I am aware of ongoing dialogue between Orchard's counsel and Natomas'

18   counsel with Trustee Roberts. It is my understanding that during the past 12-months, in

19   discussing the status and value of Natomas' RICO claims with Natomas' counsel,

20   Trustee Roberts has stated that Sinadinos had contacted Trustee Roberts and

21   attempted to purchase my 57% interest in Natomas and my 100% interest in Orchard

22   from the bankruptcy estate, soon after the petition was filed and on several occasions

23   after that, including immediately after Deane lost his recent Motion to dismiss.

24         17.    Attached to this declaration as **Exhibit F** is a true and correct copy of an

25   Adobe pdf that I printed out from the State Bar of California's webpage (search page) at:

26   http://members.calbar.ca.gov/fal/Member/Detail/122462 which provided public

27   information on Donald Wanland Jr. Esq. The bottom of the webpage provides links to

28   both, the pdf and Microsoft Word versions of an "Opinion of the Review Department of

MR. ERIC SOLORIO'S DECLARATION IN SUPPORT OF MOTION TO FIND DEANE, WANLAND, BURGESS AND
SINADINOS IN CONTEMPT OF 11 U. S. C. §524 AND §362(A), IMPOSE SANCTIONS AND AWARD PUNITIVE DAMAGES

the State Bar Court", attached to this declaration as **Exhibit G**. The Opinion discusses in detail Wanland's "multiple acts of wrongdoing and uncharged misconduct", stayed suspension from the California State Bar Court, five-plus *years* of probation, contempt charges and sanctions for more than $13,700 (which increased to more than $25,000) issued against him by the United States Bankruptcy Court.

///

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 14th day of November, 2011, at Sacramento, California.

Date:  November 14, 2011

Eric Solorio

MR. ERIC SOLORIO'S DECLARATION IN SUPPORT OF MOTION TO FIND DEANE, WANLAND, BURGESS AND SINADINOS IN CONTEMPT OF 11 U. S. C. §524 AND §362(A), IMPOSE SANCTIONS AND AWARD PUNITIVE DAMAGES

**Exhibit A**
Thomas Barth letter dated April 4, 2008

# BARTH TOZER & TIMM LLP

| Thomas W. Barth | Paul W. Tozer | Bruce M. Timm |

April 4, 2008

<u>VIA FACSIMILE & U.S. MAIL</u>

John G. Sinadinos, Esq.
7700 College Town Drive, Suite 250
Sacramento, CA 95826

Stanley J. Foondos, CPA
7700 College Town Drive, Suite 210
Sacramento, CA 95826

     Re:    Vintage Creek LLC; Village Capital Group LLC;
            Madera Avenue 12 Capital Group LLC

Dear Messrs. Sinadinos and Foondos:

          Our firm has been retained to represent Eric Solorio and Orchard Park Development, LLC. On behalf of Mr. Solorio, as manager of the Natomas Gardens Investment Group LLC and Orchard Park Development LLC, I request immediate access to all books, records, financial statements, and documents supporting the transactions with respect to the business of the three separate entities, Vintage Creek LLC, Village Capital Group LLC, and Madera Avenue 12 Capital Group LLC. I understand that you are both involved, whether as co-managers, partners in South Watt and Florin Partners and Caselman & Carlisle Partners, or in your professional capacities, in the management of those three entities. As you know by the terms of the operating agreements for the entities, the documents you must make available must include financial statements for the six most recent years, internal books and records for the current and three most recent years, and all relevant records indicating the amount, cost, and value of all property which the entities have ever owned, claimed, possessed, or controlled. I anticipate that the majority of such books, records, and supporting documents have been maintained in your offices, as the managers for these entities, or in the case of Mr. Foondos, as the accountant for the entities.

          I enclose a release form for you to sign, to make available for inspection and copying all company records in the possession of third parties, including banks holding accounts for the subject entities, and any title companies, such as Stewart Title, involved in handling property transactions for the entities. I will coordinate with you the designation of appropriate financial institutions and title companies, for completion of the release forms.

**EXHIBIT 1**

John Sinadinos, Esq.
Stanley J. Foondos, CPA
April 4, 2008
Page 2


        I also demand that you take all necessary actions to preserve all records in
your possession, custody, or control, whether in electronic form or hard copy, relating to
the business activities of the subject entities. In particular, I demand that you preserve all
records stored on computers and all other electronic devices, pertaining to the business·
activities of the subject entities. I also demand that you suspend any and all deletion
practices that would result in the loss of electronic data, which may be relevant for
possible use in litigation regarding the business activities of the three entities. I make
these demands under the authority of California Code of Civil Procedure Section
2023.010 *et seq.*, in order to preserve any and all electronic and other records from
possible destruction or compromise, which might prevent their discovery and use in any
subsequent litigation.

        Please contact me by close of business today, April 4, 2008, to coordinate
a visit to your offices by a forensic accounting consultant on Wednesday and Thursday of
next week, April 9 and 10, 2008. I anticipate that the consultant will review all records
and select those records and supporting documents for copying, which will be necessary
for the consultant's scope of work.

        We are seeking information in the first instance which may relate to
unauthorized use or co-mingling of funds among the subject entities and from these
entities to third parties, without legal justification. I am aware of certain bank records
and copies of checks, which are evidence of loans originated by Mr. Sinadinos to other
entities, including your law firm, which may ultimately prove to be inappropriate and
unauthorized use of assets of the companies. Also, the inquiry will be focused, among
other goals, on the propriety of seeking court appointment of a receiver for one or more
of the subject entities.

        I look forward to speaking with you this afternoon, to coordinate the
inspection and copying of documents pertaining to the companies.

                                   Very truly yours,

                                   BARTH TOZER & TIMM LLP



                                   THOMAS W. BARTH

Enclosure
(00001811)

**Exhibit B**
Thomas Barth letter dated May 9, 2008 to Carl Blaine, Esq.,

# BARTH TOZER & TIMM LLP

| Thomas W. Barth | Paul W. Tozer | Bruce M. Timm |

May 9, 2008

<u>VIA FACSIMILE & U.S. MAIL</u>

Carl P. Blaine, Esq.
Wagner Kirkman Blaine Klomparens
  & Youmans LLP
10640 Mather Boulevard
Mather, CA 95655

   Re: Vintage Creek LLC; Village Capital Group LLC;
     Madera Avenue 12 Capital Group LLC

Dear Carl:

    I expect that you have received a copy of the letter by John Sinadinos on
his law office stationery, dated May 8, 2008, denying the representatives of my client,
Eric Solorio, any further access to company records and supporting documents, including
escrow files. In support of his denial, Mr. Sinadinos refers to a Corporations treatise, for
the legal argument that "the right of a member/shareholder to inspect the books is
limited." John refers to his "courtesies" extended to Joy Urquhart, of Mike Ueltzen's
company, offering access to escrow documents and other files, and expending his staff
time, copying various files at no charge.

    The time for our reliance on John Sinadinos' "courtesy" has expired. As I
will discuss in more detail below, his compliance with required production of company
records has been spotty at best. He has offered open access to the records, including the
escrow documents both in his possession and at the title companies, only subsequently to
renege on those offers in the form of his most recent letter.

    On behalf of Eric Solorio, in his capacity as the manager of Natomas
Gardens Investment Group LLC and as a holder of an economic interest in Vintage
Creek, Village Capital Group, and Madera Avenue 12 Capital Group, I demand access to
all company records and supporting documents for those companies in the possession or
control of your client, John Sinadinos, to inspect and copy such records for the period
including calendar year 2004 to the present. The company records should include all
escrow files for the multiple property transactions of Vintage, Village, and Madera
Avenue 12, whether those escrow documents are located in John's possession or at the
title companies. The relevant time period includes 2004 on the basis of Corporations

| REA Building | 431 I Street, Suite 201 | Sacramento, California 95814 |
| Telephone: 916.440.8600 | Facsimile: 916.440.9610 | Website: bttlawfirm.com |

**EXHIBIT 15**

Filed 11/14/11       Case 10-36484       Doc 40

Carl P. Blaine, Esq.
May 9, 2008
Page 2

Code Section 17058(a)(7). I am making this demand by the authority of Corporations Code Section 17106(b), which defines the non-waivable rights of each member, manager, and holder of an economic interest in a limited liability company, upon reasonable request, for purposes reasonably related to the interest of that person, to inspect and copy during normal business hours any of the records required to be maintained by Corporations Code Section 17058. Any request, inspection, or copying may be made by Eric Solorio, or his agent or attorney, under the provisions of Corporations Code Section 17106(i).

       I am also requesting a reconciliation of the capital accounts for the Vintage, Village, and Madera Avenue 12 companies, on the basis of a teleconference three days ago with Belan Wagner, Stanley Foondos, and John Sinadinos. During our conversation, Mr. Foondos agreed with the request by Belan to provide me the reconciliation.

       The demand for inspection and copying of records for these companies is reasonably related to my client's interest, for multiple reasons. My client holds his interest as the manager and majority interest holder in Natomas, which itself is a 45% interest holder in Vintage and Village, and his interest as the sole member of Orchard Park Development LLC, a 25% interest holder in Madera Avenue 12. With his stake in these companies, Mr. Solorio seeks inspection and copying of company records and supporting documents to determine the value of the assets in the companies, the extent of liabilities, the severity of apparently poor record-keeping practices of Mr. Sinadinos as manager of these companies, and to assess the overall managerial performance of Messrs. Sinadinos and Foondos, who each have managerial responsibility as partners in the entities designated as managers for Vintage and Village.

       The production of documents by John up to this point has been incomplete. Although I originally asked to inspect and copy company records and supporting documents for these three entities, John "volunteered" to make the copies of files he showed to Ms. Urquhart, when she visited his office. The copies we received from Kinko's include at least five or six inches of duplicate copies, and apparently there are certain files missing. For instance, Ms. Urquhart recalls seeing a particular file while in the office, which is apparently not among the copies. Also, it appears we cannot locate a fee agreement between these companies and Mr. Sinadinos, for his legal work on behalf of the companies. The documents do not include tax returns for 2004, although the companies came into existence midway through that year, and substantial financial transactions occurred in that year. While on the teleconference with Belan, Stan and John stated that there were no tax returns for 2004. If that is true, then my client's interest definitely extends to a complete review of all records documenting the financial

Carl P. Blaine, Esq.
May 9, 2008
Page 3

transactions which should have been reported in some form for tax purposes that year. As a final example, John provided me unsigned copies of the operating agreements for Madera Avenue 11 Investors LLC, and the Madera Avenue 12 company, and my client is entitled to obtain the signed versions, if they exist.

On another matter, my client has instructed me to reiterate the objections he previously communicated to John Sinadinos, regarding any transfer of company property, or any partial interest therein, for any reason. His objections have been previously communicated to John on multiple occasions, including an e-mail in October 2007, which addressed the objections to property transfers, in part, and a demand for access to company records at that time. For your information, I include a relevant portion of that e-mail from Eric to John, as follows:

"*Natomas is not in agreement to allow either Village or Vintage to convey property to your investors. Natomas insists on Sorenson immediately documenting the Option - which Natomas must approve. Natomas insists on being given a complete copy of the account ledgers from inception to present for Village and Vintage. Additionally, Natomas wants copies of checks, invoices, notes; loan docs, escrow release instructions and any other document relating to funds being transferred in or out of Village and Vintage - from inception to present. Please bring the accounting docs with you Saturday or mail them to my office.*"

My client has had no success with his demand for access to records until the last few weeks. With respect to property transfers, there has been some indication from John that he transferred a parcel known as the "Ubungen" property to the "Johls" in settlement of unspecified claims. If that is true, then John apparently acted directly contrary to the very specific objection previously communicated in writing by Eric Solorio. I must reassert that my client objects to, and has not approved any transfer of any property interest to any investors in these companies, for any reason. Further, Eric has never received any documents regarding the required Sorensen option.

I appreciate your assistance in communicating these demands and objections to John Sinadinos and Stanley Foondos. I have appreciated the prior agreement of both you and Belan, to allow direct communication between me and John and Stan, because I anticipated that we could work efficiently toward completion of the remaining transactions between these principals. In order to complete his evaluation of the proposed purchase agreements, regarding Eric's membership interests, my client must have access and review of the documents demanded herein. Based on the tenor of John's last letter, it appears advisable that all of my communications be directed to your attention, and you can communicate your client's responses to me.

Filed 11/14/11 Case 10-36484 Doc 40

Carl P. Blaine, Esq.
May 9, 2008
Page 4

      Please notify me at your earliest convenience, confirming that the records requested in my letter will be available for inspection and copying. I request that my client and his representatives have access to the records at the earliest possible time, no later than the beginning of next week.

                Very truly yours,

                BARTH TOZER & TIMM LLP

                THOMAS W. BARTH

**Exhibit C**
Eric Solorio's Time Sheets From the California Energy Commission

STATE OF CALIFORNIA
# TIME REPORT
SEC 35 (REV. 2/04)

CALIFORNIA ENERGY COMMISSION

| 1) Time Base | 2) STO | 3) Position No. | 4) AWS | 4/10/40 | 9/8/80 | 5) CBID | 6) WWG |
|---|---|---|---|---|---|---|---|
| Full Time | | 4737-008 | | | | S01 | WWG SE |

1) Name: **Eric Solorio**

8) SSN: **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**

9) Unit Code: **710**

10) Month/Year: **Oct/11**

11) Check Box if Intermittent Employee ☐

## 12) DAILY ATTENDANCE

| Line | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | 4 | 4 | 4 | 4 | | | | | 4 | 4 | | | | 8 | 8 | | | 8 | | | 8 | 8 | 8 | | | 4 | 4 | | 4 |
| 2 | | | 4 | 4 | 4 | 4 | | | | | 4 | 4 | | | | 8 | 8 | | | 8 | | | 8 | 8 | 8 | | | 4 | 4 | | 4 |

## ABSENCE INFORMATION

General nature of Illness or Reason for Absence: (Indicate date(s) and reason):

☐ Illness Self   ☐ Family Illness (show relationship)   ☐ FMLA* (dates _____ )   ☐ WCI* (dates _____ )

☐ Health Care Appt.   ☐ Bereavement Leave* (show relationship)   ☐ Jury Duty**

Dates of Absence:   (Enter symbol and number of hours in date blocks, use symbols shown in section to the right)

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | S S | | | | S | S | | | | | | S | | | S | | | | S | S | | | | S | S | | |
| | | | | | 8 8 | | | | 8 | 8 | | | | | | 8 | | | 8 | | | | 8 | 8 | | | | 8 | 8 | | |

### Excess Summary
Excess Earned (WE) _____
Excess Taken (TE) _____

## Certification Of Employee.
To the best of my knowledge and belief the facts stated are accurate and in full compliance with legal requirements.

Signature _[signed]_    Date  10-22-11

## Certification Of Supervisor.
Attendance, absences and overtime recorded have been verified and/or authorized in accordance with prescribed directives.

Signature _[signed]_    Date  10-22-11

☐ Supervisor has knowledge of reason for sick leave.

## 13) Project Time Reporting
(FILL IN ALL COLUMNS.)

| Line No. | Comment | | Project | Ph | Activity | Total Hours |
|---|---|---|---|---|---|---|
| 1 | QUAIL BRUSH | | 6 2 6 7 | D | 8 6 2 | 32.00 |
| 2 | Pio Pico | D A FC | 6 2 1 0 | D | 8 6 2 | 80.00 |
| 3 | | | | | | --- |
| 4 | | | | | | --- |
| 5 | | | | | | --- |
| 6 | | | | | | --- |
| 7 | | | | | | --- |
| 8 | | | | | | --- |
| 9 | | | | | | --- |
| 10 | | | | | | --- |
| 11 | Total Hours Worked Including Overtime | | | | | 112.00 |
| 12 | CTO | | | | | |
| 13 | Cash Overtime | | | | | |
| 14 | Regular Time Worked (line 11 Minus 12-13) | | | | | 112.00 |

## ABSENCE INFORMATION TOTALS

| | Descriptions | Symbol | Total Hours |
|---|---|---|---|
| 15 | Vacation / Annual Leave | V / Al | |
| 16 | Sick Leave--Self | S | 56.00 |
| 17 | Family Sick Leave | FS | |
| 18 | CTO (Overtime) Taken | T | |
| 19 | Excess Taken | TE | |
| 20 | Holiday Credit Taken | HC | |
| 21 | Personal Holiday | PH | |
| 22 | Bereavement Leave* | BL | |
| 23 | Jury Duty ** or Subpoenaed Witness*** | J/SW | |
| 24 | Personal Leave | PL | |
| 25 | 2003 Personal Leave Day Program | PLD | |
| 26 | Approved Leave Without Pay | L | |
| 27 | Voluntary Unpaid Leave Program | PV | |
| 28 | Unapproved Leave Without Pay (AWOL) | A | |
| 29 | Paid State Holiday | H | |
| 30 | Other (use appropriate symbol from instructions) | | |
| 31 | Absence Totals (Add Lines 15 Through 30) | | |
| 32 | Normal Total Hrs. This Pay Period (Add Lines 14 & 31) | | 56.00 |

*  Attach Substantiation
** Attach jury duty service stub
*** Attach subpoena
WCI - Approved Worker's Compensation Injury
FMLA - Family Medical Leave Act

### Available Hours
Beginning this Pay Period

| Symbol | |
|---|---|
| S | |
| V/Al | |
| CTO | |
| PH | |
| LD | |

STATE OF CALIFORNIA
# TIME REPORT
EC 35 (REV. 2/04)

CALIFORNIA ENERGY COMMISSION

| 1) Time Base | 2) STO | 3) Position No. | 4) AWS | 4/10/40 | 9/8/80 | 5) CBID | 6) WWG |
|---|---|---|---|---|---|---|---|
| Full Time | | 4756-008 | | | | S01 | WWG SE |

Name: Eric Solorio

8) SSN: 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

9) Unit Code: 710

10) Month/Year: Sep/11

11) Check Box if Intermittent Employee ☐

## 12) DAILY ATTENDANCE

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 8. | 0. | 0. | 0. | 0. | 4. | | | | 0. | | 4. | 4. | 4. | 4. | 4. | 4. | 4. | 4. | 4. | 4. | | 4. | 4. | 8. | 8. | 8. | 8. | 8. | 8. |
| | | | | H | O | L | I | D | A | Y | | | | | | | | | | | | | | | | | | | |

## ABSENCE INFORMATION

General nature of Illness or Reason for Absence. Indicate date(s) and reason:

☐ Illness Self   ☐ Family Illness (show relationship)   ☐ FMLA* (dates _____)   ☐ WCI* (dates _____)

☐ Health Care Appt.   ☐ Bereavement Leave* (show relationship)   ☐ Jury Duty**

### Excess Summary

Excess Earned (WE)

Excess Taken (TE)

(Enter symbol and number of hours in date blocks. Indicate dates of Absence; use symbols shown in section to the right)

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 8. | | | | H | S | S | S | | 8. | | | | | | | | | | | | | | | | | | | | |
| | | | | | 8. | 8. | 8. | 8. | | | | | | | | | | | | | | | | | | | | | | |

**Certification Of Employee.** To the best of my knowledge and belief the facts stated are accurate and in full compliance with legal requirements.

Signature _[signature]_   Date 9-28-11

**Certification of Supervisor.** Attendance, absences and overtime recorded have been verified and/or authorized in accordance with prescribed directives.

Signature _[signature]_   Date 9-28-11

☐ Supervisor has knowledge of reason for sick leave.

## 13) Project Time Reporting
(FILL IN ALL COLUMNS)

| Line No. | Comment | Project | | PH | Activity | Total Hours |
|---|---|---|---|---|---|---|
| 1 | Pio Pico 2 | DAFC 7 2 1 0 | D | 8 6 2 | | 88.00 |
| 2 | Quail Brush | 6 2 6 7 | D | 8 6 2 | | 56.00 |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |
| 7 | | | | | | |
| 8 | | | | | | |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | Total Hours Worked Including Overtime | | | | | 144.00 |
| 12 | CTO Overtime | | | | | |
| 13 | Cash Overtime | | | | | |
| 14 | Regular Time Worked (line 11 Minus 12-13) | | | | | 144.00 |

## ABSENCE INFORMATION TOTALS

| Descriptions | Symbol | Total Hours |
|---|---|---|
| 15 Vacation / Annual Leave | V / AL | |
| 16 Sick Leave–Self | S | 24.00 |
| 17 Family Sick Leave | FS | |
| 18 CTO (Overtime) Taken | T | |
| 19 Excess Taken | TE | |
| 20 Holiday Credit Taken | HC | |
| 21 Personal Holiday | PH | |
| 22 Bereavement Leave* | BL | |
| 23 Jury Duty ** or Subpoenaed Witness*** | J/SW | |
| 24 Personal Leave | PL | |
| 25 2003 Personal Leave Day Program | LD | |
| 26 Approved Leave Without Pay | L | |
| 27 Voluntary Unpaid Leave Program | PV | |
| 28 Unapproved Leave Without Pay (AWOL) | A | |
| 29 Paid State Holiday | H | 8.00 |
| 30 Other (use appropriate symbol from instructions) | / | |
| 31 Absence Totals (Add Lines 15 Through 30) | | 32.00 |
| 32 Normal Total Hrs. This Pay Period (Add Lines 14 & 31) | | 176.00 |

* Attach Substantiation
** Attach jury duty service stub
   Attach subpoena
*** Attach subpoena
WCI - Approved Worker's Compensation Injury
FMLA - Family Medical Leave Act

### Available Hours
Beginning this Pay Period

| Symbol | |
|---|---|
| S | |
| V/AL | |
| CTO | |
| PH | |
| LD | |

STATE OF CALIFORNIA
**TIME REPORT**
CEC 35 (REV. 2/04)

CALIFORNIA ENERGY COMMISSION

| 1) Time Base | 2) STO | 3) Position No. | 4) AWS | 4/10/40 | 9/8/80 | 5) CBID | 6) WWG |
|---|---|---|---|---|---|---|---|
| Full Time | | 4737-008 | AWG | | | S01 | WWG SE |

7) Name: **Eric Solorio**

8) SSN: **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**

9) Unit Code: **710**

10) Month/Year: **Aug/11**

11) Check Box if Intermittent Employee

**12) DAILY ATTENDANCE**

**13) Project Time Reporting** (FILL IN ALL COLUMNS.)

| Line No. | Comment | Project | Ph | Activity | Total Hours |
|---|---|---|---|---|---|
| 1 | D AFC | 7 2 1 0 | D | 8 6 2 | 152.00 |

Total Hours Worked Including Overtime — 152.00
CTO — Cash Overtime
Regular Time Worked (line 11 Minus 12-13) — 152.00

**ABSENCE INFORMATION TOTALS**

| | Descriptions | Symbol | Total Hours |
|---|---|---|---|
| 15 | Vacation / Annual Leave | V / AL | 8.00 / |
| 16 | Sick Leave--Self | S | 8.00 |
| 17 | Family Sick Leave | FS | |
| 18 | CTO (Overtime) Taken | T | |
| 19 | Excess Taken | TE | |
| 20 | Holiday Credit Taken | HC | |
| 21 | Personal Holiday | PH | |
| 22 | Bereavement Leave* | BL | |
| 23 | Jury Duty ** or Subpoenaed Witness*** | J/SW | |
| 24 | Personal Leave | PL | 8.00 |
| 25 | 2003 Personal Leave Day Program | LD | |
| 26 | Approved Leave Without Pay | L | |
| 27 | Voluntary Unpaid Leave Program | PV | |
| 28 | Unapproved Leave Without Pay (AWOL) | A | |
| 29 | Paid State Holiday | H | |
| 30 | Other (use appropriate symbol from instructions) | / | |
| 31 | Absence Totals (Add Lines 15 Through 30) | | 24.00 |
| 32 | Normal Total Hrs. This Pay Period (Add Lines 14 & 31) | | 176.00 |

* Attach Substantiation
** Attach jury duty service stub
*** Attach subpoena

WCI - Approved Worker's Compensation Injury
FMLA - Family Medical Leave Act

**Available Hours** Beginning this Pay Period

| Symbol | |
|---|---|
| S | |
| V/AL | |
| CTO | |
| PH | |
| LD | |

**ABSENCE INFORMATION**

General nature of Illness or Reason for Absence: Indicate date(s) and reason:
Illness Self ☐  Family Illness (show relationship) ☐  FMLA* (dates) ___  WCI* (dates) ___
Health Care Appt. ☐  Bereavement Leave* (show relationship) ☐  Jury Duty** ☐

**Excess Summary**
Excess Earned (WE)
Excess Taken (TE)

Dates of Absence: (Enter symbol and number of hours in date blocks; use symbols shown in section to the right)

Certification Of Employee. To the best of my knowledge and belief the facts stated are accurate and in full compliance with legal requirements.

Signature ___  Date 8-29-11

Certification of Supervisor. Attendance, absences and overtime recorded have been verified and/or authorized in accordance with prescribed directives.

Signature ___  Date ___

☐ Supervisor has knowledge of reason for sick leave.

STATE OF CALIFORNIA
# TIME REPORT
CEC 35 (REV. 2/04)

CALIFORNIA ENERGY COMMISSION

| 1) Time Base | 2) STO | 3) Position No. | 4) AWS | 4/10/40 | 9/8/80 | 5) CBID | 6) WWG |
|---|---|---|---|---|---|---|---|
| Full Time | | 4737-008 | | | | S01 | WWG SE |

7) Name: **Eric Solorio**

8) SSN: **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**

9) Unit Code: **710**

10) Month/Year: **Jul/11**

11) Check Box if Intermittent Employee ☐

## 12) DAILY ATTENDANCE

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 8 | | H | O | L | I | D | A | Y | | 0 | 8 | | | 8 | 8 | 8 | 8 | 8 | | | 8 | 8 | 8 | 8 | 8 | | | 8 | 8 | |

## ABSENCE INFORMATION

General nature of Illness or Reason for Absence. Indicate date(s) and reason:

☐ Illness Self  ☐ Family Illness (show relationship)  ☐ FMLA* (dates)

☐ Health Care Appt.  ☐ Bereavement Leave* (show relationship)  ☐ Jury Duty**

Dates of Absence: (Enter symbol and number of hours in date blocks, use symbols shown in section to the right)

## 13) Project Time Reporting
(FILL IN ALL COLUMNS.)

| Comment | Project | Ph | Activity | Total Hours |
|---|---|---|---|---|
| 1 Solar Millennium Ridgecre | D AFC 7 5 4 1 | 2 | 8 6 2 | 8.00 |
| 2 Pio Pico 2 | D AFC 7 2 1 0 | D | 8 6 2 | 128.00 |
| 3 | | | | --- |
| 4 | | | | --- |
| 5 | | | | --- |
| 6 | | | | --- |
| 7 | | | | --- |
| 8 | | | | --- |
| 9 | | | | --- |
| 10 | | | | --- |
| 11 Total Hours Worked Including Overtime | | | | 136.00 |
| 12 CTO | | | | --- |
| 13 Cash Overtime | | | | --- |
| 14 Regular Time Worked (line 11 Minus 12-13) | | | | 136.00 |

## ABSENCE INFORMATION TOTALS

| Descriptions | Symbol | Total Hours |
|---|---|---|
| 15 Vacation / Annual Leave | V / Al | 24.00 |
| 16 Sick Leave–Self | S | --- |
| 17 Family Sick Leave | FS | --- |
| 18 CTO (Overtime) Taken | T | --- |
| 19 Excess Taken | TE | --- |
| 20 Holiday Credit Taken | HC | --- |
| 21 Personal Holiday | PH | --- |
| 22 Bereavement Leave* | BL | --- |
| 23 Jury Duty** or Subpoenaed Witness*** | J/SW | --- |
| 24 Personal Leave | PL | --- |
| 25 2003 Personal Leave Day Program | LD | --- |
| 26 Approved Leave Without Pay | L | --- |
| 27 Voluntary Unpaid Leave Program | PV | --- |
| 28 Unapproved Leave Without Pay (AWOL) | A | --- |
| 29 Paid State Holiday | H | 8.00 |
| 30 Other (use appropriate symbol from instructions) | HW | 8.00 |
| 31 Absence Totals (Add Lines 15 Through 30) | | 40.00 |
| 32 Normal Total Hrs. This Pay Period (Add Lines 14 & 31) | | 176.00 |

### Excess Summary
Excess Earned (WE)
Excess Taken (TE)

☐ WCI* (dates)

### Available Hours
Beginning this Pay Period

| Symbol | |
|---|---|
| S | |
| V/Al | |
| CTO | |
| PH | |
| LD | |

* Attach Substantiation
** Attach jury duty service stub — Attach subpoena
*** Attach subpoena
WCI - Approved Worker's Compensation Injury
FMLA - Family Medical Leave Act

**Certification Of Employee.** To the best of my knowledge and belief the facts stated are accurate and in full compliance with legal requirements.

Signature _(signed)_    Date 7-28-11

**Certification of Supervisor.** Attendance, absences and overtime recorded have been verified and/or authorized in accordance with prescribed directives.

Signature _(signed)_    Date 7-28-11

☐ Supervisor has knowledge of reason for sick leave.

STATE OF CALIFORNIA
# TIME REPORT
CEC 35 (REV. 2/04)

CALIFORNIA ENERGY COMMISSION

| 1) Time Base | 2) STO | 3) Position No. | 4) AWG | 4/10/40 | 9/8/80 | 5) CBID | 6) WWG |
|---|---|---|---|---|---|---|---|
| Full Time | | 4756-008 | | | | S01 | WWG SE |

| 7) Name | 8) SSN | 9) Unit Code | 10) Month/Year | 11) Check Box if |
|---|---|---|---|---|
| Eric Solorio | 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 | 710 | Jun/11 | Intermittent Employee |

## 12) DAILY ATTENDANCE

| Line | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 0 | 0 | 0 | 0 | 0 | 8 | 8 | 8 | 4 | 4 | 4 | | 8 | 8 | 8 | 8 | | | | 8 | 8 | 8 | 8 | 8 | | | 8 | 8 | 8 | 8 | |
| | 0 | 0 | 0 | 0 | 0 | 8 | 8 | 8 | 4 | 4 | 4 | | 8 | 8 | 8 | 8 | | | | 4 | 4 | | | | | | | | | | |
| | 0 | 0 | 0 | 0 | 0 | 8 | 8 | 8 | 8 | 8 | 8 | | 8 | 8 | 8 | 8 | | | | 8 | 8 | 8 | 8 | 8 | | | 8 | 8 | 8 | 8 | |

## 13) Project Time Reporting
(FILL IN ALL COLUMNS.)

| Line No. | Comment | Project | Ph | Activity | Total Hours |
|---|---|---|---|---|---|
| 1 | Pio Pico 2 | D AFC 7 2 1 0 | D | 8 6 2 | 124.00 |
| 2 | Solar Millennium Ridgecre | D AFC 7 5 4 1 | D | 8 6 2 | 4.00 |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |
| 9 | | | | | |
| 10 | | | | | |
| 11 | →Total Hours Worked Including Overtime → | | | | 128.00 |
| 12 | →CTO → | | | Cash Overtime → | |
| 13 | | | | | |
| 14 | Regular Time Worked (line 11 Minus 12-13) | | | | 128.00 |

## ABSENCE INFORMATION TOTALS

| Descriptions | Symbol | Total Hours |
|---|---|---|
| 15 Vacation / Annual Leave | V / Al | --- |
| 16 Sick Leave- Self | S | 32.00 |
| 17 Family Sick Leave | FS | |
| 18 CTO (Overtime) Taken | T | |
| 19 Excess Taken | TE | |
| 20 Holiday Credit Taken | HC | |
| 21 Personal Holiday | PH | |
| 22 Bereavement Leave* | BL | |
| 23 Jury Duty ** or Subpoenaed Witness*** | J/SW | |
| 24 Personal Leave | PL | |
| 25 2003 Personal Leave Day Program | LD | |
| 26 Approved Leave Without Pay | L | |
| 27 Voluntary Unpaid Leave Program | PV | |
| 28 Unapproved Leave Without Pay (AWOL) | A | |
| 29 Paid State Holiday | H | |
| 30 Other (use appropriate symbol from instructions) | PT | 16.00 / |
| 31 Absence Totals (Add Lines 15 Through 30) | | 48.00 |
| 32 Normal Total Hrs, This Pay Period (Add Lines 14 & 31) | | 176.00 |

* Attach Substantiation
** Attach jury duty service stub
*** Attach subpoena
WCI - Approved WorkerIs Compensation Injury
FMLA - Family Medical Leave Act

### Available Hours
Beginning this Pay Period

| Symbol | |
|---|---|
| S | |
| V/Al | |
| CTO | |
| PH | |
| LD | |

## ABSENCE INFORMATION

General nature of illness or Reason for Absence. Indicate date(s) and reason:

☐ Illness Self  ☐ Family Illness (show relationship)  ☐ FMLA* (dates ___ )

☐ Health Care Appt.  ☐ Bereavement Leave* (show relationship)  ☐ Jury Duty**  ☐ WCI* (dates ___ )

### Excess Summary
Excess Earned (WE) ___
Excess Taken (TE) ___

Dates of Absence: (Enter symbol and number of hours in date blocks, use symbols shown in section to the right)

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | S | S | S | S | | | | | PT | PT | PT | PT | PT | | | | S | S | | | | | | | | | | | | | |
| | 8 | 8 | 8 | 8 | | | | | 4 | 4 | 4 | | 8 | | | | S | | | | | | | | | | | | | | |

**Certification Of Employee.** To the best of my knowledge and belief the facts stated are accurate and in full compliance with legal requirements.

Signature _____ Date 6-27-11

**Certification Of Supervisor.** Attendance, absences and overtime recorded have been verified and/or authorized in accordance with prescribed directives.

Signature _____ Date 6-27-11

☐ Supervisor has knowledge of reason for sick leave.

STATE OF CALIFORNIA
# TIME REPORT
CEC 35 (REV. 2/04)

CALIFORNIA ENERGY COMMISSION

| 1) Time Base | 2) STO | 3) Position No. | 4) AWW | 4/10/40 | 9/8/80 | 5) CBID | 6) WWG |
|---|---|---|---|---|---|---|---|
| Full Time | | 4756-008 | AWW | 4/10/40 | 9/8/80 | S01 | WWG SE |

7) Name: **Eric Solorio**

8) SSN: **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**

9) Unit Code: **710**

10) Month/Year: **May/11**

11) Check Box if Intermittent Employee

## 12) DAILY ATTENDANCE

(Daily hours grid, values of 8.00 across working days)

## ABSENCE INFORMATION

General nature of Illness or Reason for Absence: Indicate date(s) and reason:

- [ ] Illness Self
- [ ] Family Illness (show relationship)
- [ ] Health Care Appt.
- [ ] Bereavement Leave* (show relationship)
- [ ] FMLA* (dates _____)
- [ ] WCI* (dates _____)
- [ ] Jury Duty**

### Excess Summary
Excess Earned (WE) _____
Excess Taken (TE) _____

Dates of Absence: (Enter symbol and number of hours in date blocks; use symbols shown in section to the right)

### Certification Of Employee.
To the best of my knowledge and belief the facts stated are accurate and in full compliance with legal requirements.

Signature _____   Date 5-25-11

## 13) Project Time Reporting
(FILL IN ALL COLUMNS.)

| Line No. | Comment | Project | Ph | Activity | Total Hours |
|---|---|---|---|---|---|
| 1 | Pio Pico 2 | D AFC 7 2 1 0 | D | 8 6 2 | 162.00 |
| 2 | | | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |
| 9 | | | | | |
| 10 | | | | | |
| 11 | Total Hours Worked Including Overtime | | | | 162.00 |
| 12 | CTO Overtime | | | | |
| 13 | Cash Overtime | | | | |
| 14 | Regular Time Worked (line 11 Minus 12-13) | | | | 162.00 |

## ABSENCE INFORMATION TOTALS

| Descriptions | Symbol | Total Hours |
|---|---|---|
| 15 Vacation / Annual Leave | V / AI | |
| 16 Sick Leave—Self | S | |
| 17 Family Sick Leave | FS | |
| 18 CTO (Overtime) Taken | T | |
| 19 Excess Taken | TE | |
| 20 Holiday Credit Taken | HC | |
| 21 Personal Holiday | PH | |
| 22 Bereavement Leave* | BL | |
| 23 Jury Duty ** or Subpoenaed Witness *** | J/SW | |
| 24 Personal Leave | PL | |
| 25 2003 Personal Leave Day Program | LD | |
| 26 Approved Leave Without Pay | L | |
| 27 Voluntary Unpaid Leave Program | PV | |
| 28 Unapproved Leave Without Pay (AWOL) | A | |
| 29 Paid State Holiday | H | 8.00 |
| 30 Other (use appropriate symbol from instructions) | | 6.00 hrs |
| 31 Absence Totals (Add Lines 15 Through 30) | | 14.00 |
| 32 Normal Total Hrs. This Pay Period (Add Lines 14 & 31) | | 176.00 |

\* Attach Substantiation
\** Attach jury duty service stub
\*** Attach subpoena

WCI - Approved Workers Compensation Injury
FMLA - Family Medical Leave Act

### Available Hours
Beginning this Pay Period

| Symbol | |
|---|---|
| S | |
| V/AL | |
| CTO | |
| PH | |
| LD | |

### Certification Of Supervisor.
Attendance, absences and overtime recorded have been verified and/or authorized in accordance with prescribed directives.

Signature [signed] Roger E. Johnson   Date 5/25/11

- [ ] Supervisor has knowledge of reason for sick leave.

STATE OF CALIFORNIA
# TIME REPORT
CEC 35 (REV. 2/04)

CALIFORNIA ENERGY COMMISSION

| 1) Time Base | 2) STO | 3) Position No. | 4) AWS | 4/10/40 | 9/8/80 | 5) CBID | 6) WWG |
|---|---|---|---|---|---|---|---|
| **Full Time** | | 4756-008 | | | | **S01** | **WWG SE** |

7) Name: **Eric Solorio**

8) SSN: **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**

9) Unit Code: **710**

10) Month/Year: **Apr/11**

11) Check Box if Intermittent Employee ☐

## 12) DAILY ATTENDANCE

| | 31 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 8 | | 8 | 8 | 8 | 8 | | | 8 | | | 8 | 8 | 8 | 8 | | | 8 | 8 | 0 | 0 | 0 | | | 8 | 8 | 8 | 8 | 8 | | |

## ABSENCE INFORMATION

General nature of Illness or Reason for Absence: Indicate date(s) and reason:

☐ Illness Self   ☐ Family Illness (show relationship)   ☐ FMLA* (dates _____)

☐ Health Care Appt.   ☐ Bereavement Leave* (show relationship)   ☐ Jury Duty**

Dates of Absence: (Enter symbol and number of hours in date blocks, use symbols shown in section to the right)

| | 31 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | FS | | | | | | | S | | | | PL | HC | HC | HC | LP | | | | | | |
| | | | | | | | | 8 | | 8 | | | | | | | 8 | | | | 8 | 4 | 8 | 8 | | | | | | | |

**Certification Of Employee.** To the best of my knowledge and belief the facts stated are accurate and in full compliance with legal requirements.

Signature _____   Date 4.28.11

## 13) Project Time Reporting
(FILL IN ALL COLUMNS.)

| Line No. | Comment | Project | Ph | Activity | Total Hours |
|---|---|---|---|---|---|
| 1 | Pio Pico 2 | DAFC 7 2 1 0 | D | 8 6 2 | 116.00 |
| 2 | | | | | --- |
| 3 | | | | | --- |
| 4 | | | | | --- |
| 5 | | | | | --- |
| 6 | | | | | --- |
| 7 | | | | | --- |
| 8 | | | | | --- |
| 9 | | | | | --- |
| 10 | | | | | --- |
| 11 | Total Hours Worked Including Overtime | | | | 116.00 |
| 12 | CTO — Cash Overtime | | | | --- |
| 13 | CTO — | | | | --- |
| 14 | Regular Time Worked (line 11 Minus 12-13) | | | | 116.00 |

## ABSENCE INFORMATION TOTALS

| Descriptions | Symbol | Total Hours |
|---|---|---|
| 15 Vacation / Annual Leave | V / Al | |
| 16 Sick Leave—Self | S | 8.00 |
| 17 Family Sick Leave | FS | 8.00 |
| 18 CTO (Overtime) Taken | T | |
| 19 Excess Taken | TE | |
| 20 Holiday Credit Taken | HC | 20.00 |
| 21 Personal Holiday | PH | |
| 22 Bereavement Leave* | BL | |
| 23 Jury Duty ** or Subpoenaed Witness*** | JSW | |
| 24 Personal Leave | PL | 8.00 |
| 25 2003 Personal Leave Day Program | LD | |
| 26 Approved Leave Without Pay | L | |
| 27 Voluntary Unpaid Leave Program | PV | |
| 28 Unapproved Leave Without Pay (AWOL) | A | |
| 29 Paid State Holiday | H | |
| 30 Other (use appropriate symbol from instructions) | LP / | 8.00 / |
| 31 Absence Totals (Add Lines 15 Through 30) | | 52.00 |
| 32 Normal Total Hrs. This Pay Period (Add Lines 14 & 31) | | 168.00 |

\* Attach Substantiation
\*\* Attach jury duty service stub
   Attach subpoena
\*\*\* WCI - Approved Worker's Compensation Injury
FMLA - Family Medical Leave Act

**Excess Summary**

Excess Earned (WE) _____

Excess Taken (TE) _____

**Certification Of Supervisor.** Attendance, absences and overtime recorded have been verified and/or authorized in accordance with prescribed directives.

Signature _____   Date 5/3/11

☐ Supervisor has knowledge of reason for sick leave.

## Available Hours
Beginning this Pay Period

| | |
|---|---|
| S | |
| V/Al | |
| CTO | |
| PH | |
| LD | |

STATE OF CALIFORNIA
# TIME REPORT
CEC 35 (REV. 2/04)

CALIFORNIA ENERGY COMMISSION

| 1) Time Base | 2) STO | 4) AWS | 4/10/40 | 9/8/80 | 6) WWG |
|---|---|---|---|---|---|
| Full Time | | | | | WWG SE |

| 3) Position No. | 5) CBID |
|---|---|
| 4756-008 | S01 |

| 9) Unit Code |
|---|
| 710 |

| 10) Month/Year |
|---|
| Mar/11 |

| 11) Check Box if Intermittent Employee ☐ |

7) Name: **Eric Solorio**

8) SSN: **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**

## 12) DAILY ATTENDANCE

## ABSENCE INFORMATION

General nature of Illness or Reason for Absence. Indicate date(s) and reason:

☐ Illness Self ☐ Family Illness (show relationship) ☐ FMLA* (dates ____) ☐ WCI* (dates ____)

☐ Health Care Appt. ☐ Bereavement Leave* (show relationship) ☐ Jury Duty**

### Excess Summary
Excess Earned (WE) ____
Excess Taken (TE) ____

Dates of Absence: (Enter symbol and number of hours in date blocks, use symbols shown in section to the right)

**Certification Of Employee.** To the best of my knowledge and belief the facts stated are accurate and in full compliance with legal requirements.

Signature _____ Date 3-29-11

**Certification of Supervisor.** Attendance, absences and overtime recorded have been verified and/or authorized in accordance with prescribed directives.

Signature _____ Date 3/29/11

☐ Supervisor has knowledge of reason for sick leave.

## 13) Project Time Reporting
(FILL IN ALL COLUMNS )

| Line No. | Comment | Project | Ph | Activity | Total Hours |
|---|---|---|---|---|---|
| 1 | Pho Pho 2 | D AFC 7 2 1 0 | D | 8 6 2 | 117.00 |
| 2 | | | | | --- |
| 3 | | | | | --- |
| 4 | | | | | --- |
| 5 | | | | | --- |
| 6 | | | | | --- |
| 7 | | | | | --- |
| 8 | | | | | --- |
| 9 | | | | | --- |
| 10 | | | | | --- |
| 11 | Total Hours Worked Including Overtime | | | | 117.00 |
| 12 | CTO | | | | --- |
| 13 | Cash Overtime | | | | --- |
| 14 | Regular Time Worked (line 11 Minus 12-13) | | | | 117.00 |

## ABSENCE INFORMATION TOTALS

| | Descriptions | Symbol | Total Hours |
|---|---|---|---|
| 15 | Vacation / Annual Leave | V / AI | --- |
| 16 | Sick Leave–Self | S | 24.00 |
| 17 | Family Sick Leave | FS | --- |
| 18 | CTO (Overtime) Taken | T | --- |
| 19 | Excess Taken | TE | --- |
| 20 | Holiday Credit Taken | HC | --- |
| 21 | Personal Holiday | PH | --- |
| 22 | Bereavement Leave* | BL | --- |
| 23 | Jury Duty** or Subpoenaed Witness*** | J/SW | --- |
| 24 | Personal Leave | PL | --- |
| 25 | 2003 Personal Leave Day Program | LD | --- |
| 26 | Approved Leave Without Pay | L | --- |
| 27 | Voluntary Unpaid Leave Program | PV | --- |
| 28 | Unapproved Leave Without Pay (AWOL) | A | --- |
| 29 | Paid State Holiday | H | 8.00 |
| 30 | Other (use appropriate symbol from instructions) | FH / | 27.00 / |
| 31 | Absence Totals (Add Lines 15 Through 30) | | 59.00 |
| 32 | Normal Total Hrs. This Pay Period (Add Lines 14 & 31) | | 176.00 |

* Attach Substantiation
** Attach jury duty service stub / Attach subpoena
*** Attach subpoena
WCI - Approved Worker's Compensation Injury
FMLA - Family Medical Leave Act

### Available Hours

| | Beginning this Pay Period |
|---|---|
| S | |
| V/AL | |
| CTO | |
| PH | |
| LD | |

CALIFORNIA ENERGY COMMISSION

STATE OF CALIFORNIA
# TIME REPORT
CEC 35 (REV. 2/04)

| 1) Time Base | 2) STO | 3) Position No. | 4) AWS | 4/10/40 | 9/8/80 | 5) CBID | 6) WWG |
| Full Time | | 4756-008 | | | | S01 | WWG SE |
| 8) SSN | | 9) Unit Code | 10) Month/Year | | | 11) Check Box if | |
| 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 | | 710 | Feb/11 | | | Intermittent Employee | |

7) Name: Eric Solorio

## 13) Project Time Reporting
(FILL IN ALL COLUMNS)

| Line No. | Comment | Project | Ph | Activity | Total Hours |
|---|---|---|---|---|---|
| 1 | Pio Pico 2 | D AFC 7 2 1 0 D | 8 6 2 | | 96.00 |
| 2 | Sterling Solar 1 | D AFC 6 2 5 5 D | 8 6 1 | | 24.00 |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |
| 9 | | | | | |
| 10 | | | | | |
| 11 | Total Hours Worked Including Overtime | | | | 120.00 |
| 12 | CTO | | | | |
| 13 | Cash    Overtime | | | | |
| 14 | Regular Time Worked (line 11 Minus 12-13) | | | | 120.00 |

## ABSENCE INFORMATION TOTALS

| Descriptions | Symbol | Total Hours |
|---|---|---|
| 15 Vacation / Annual Leave | V / AI | |
| 16 Sick Leave—Self | S | |
| 17 Family Sick Leave | FS | |
| 18 CTO (Overtime) Taken | T | |
| 19 Excess Taken | TE | |
| 20 Holiday Credit Taken | HC | |
| 21 Personal Holiday | PH | |
| 22 Bereavement Leave* | BL | |
| 23 Jury Duty** or Subpoenaed Witness*** | J/SW | |
| 24 Personal Leave | PL | |
| 25 2003 Personal Leave Day Program | LD | |
| 26 Approved Leave Without Pay | L | |
| 27 Voluntary Unpaid Leave Program | PV | |
| 28 Unapproved Leave Without Pay (AWOL) | A | |
| 29 Paid State Holiday | H | 8.00 |
| 30 Other (use appropriate symbol from instructions) | FH / | 40.00 / |
| 31 Absence Totals (Add Lines 15 Through 30) | | |
| 32 Normal Total Hrs. This Pay Period (Add Lines 14 & 31) | | 168.00 |

\* Attach Substantiation
\*\* Attach jury duty service stub
\*\*\* Attach subpoena
WCI - Approved Workers Compensation Injury
FMLA - Family Medical Leave Act

### Available Hours
Beginning this Pay Period

| | |
|---|---|
| S | |
| V/AL | |
| CTO | |
| PH | |
| LD | |

## 12) DAILY ATTENDANCE

| Line | 31 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 8 | | | 8 | 8 | 8 | | | 8 | 8 | 8 | | | 8 | 8 | 8 | | | 8 | 8 | | | 8 | 8 | | | 8 | |
| | | 8 | | | 0 | 0 | 0 | | | 8 | 8 | 8 | | | 8 | 8 | 8 | | | 0 | 0 | | | 8 | 8 | | | 0 | |

## ABSENCE INFORMATION

General nature of Illness or Reason for Absence. Indicate date(s) and reason:

☐ Illness Self   ☐ Family Illness (show relationship)   ☐ FMLA* (dates _____ )   ☐ WCI* (dates _____ )

☐ Health Care Appt.   ☐ Bereavement Leave* (show relationship)   ☐ Jury Duty**

### Excess Summary
Excess Earned (WE) _____
Excess Taken (TE) _____

Dates of Absence: _____ (Enter symbol and number of hours in date blocks, use symbols shown in section to the right)

| | 31 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | FH | FH | FH | | | | | | | | | | | | | | | | H | | | H | | | | | | | |
| | 8 | 8 | 8 | | | | | | | | | | | | | | | | 8 | | | 8 | | | | | | | |

**Certification Of Employee.** To the best of my knowledge and belief the facts stated are accurate and in full compliance with legal requirements.

Signature _[signature]_ 2.25.11   Date

**Certification Of Supervisor.** Attendance, absences and overtime recorded have been verified and/or authorized in accordance with prescribed directives.

Signature _[signature]_ 2/25/11   Date

☐ Supervisor has knowledge of reason for sick leave.

STATE OF CALIFORNIA
# TIME REPORT
CEC 35 (REV. 2/04)

CALIFORNIA ENERGY COMMISSION

| 1) Time Base | 2) STO | 3) Position No. | 4) AWS | 9/8/80 | 5) CBID | 6) WWG |
|---|---|---|---|---|---|---|
| Full Time | | 4756-008 | 4/10/40 | | S01 | WWG SE |

7) Name: **Eric Solorio**

8) SSN: **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**

9) Unit Code: **710**

10) Month/Year: **Jan/11**

11) Check Box if Intermittent Employee

### 13) Project Time Reporting (FILL IN ALL COLUMNS.)

| Comment | Project | | | PhActivity | | | Total Hours |
|---|---|---|---|---|---|---|---|
| | D AFC | 6 | 2 | 5 | 5 | D | 8 6 1 | 108.00 |
| Sterling Solar 1 | | | | | | | |

Total Hours Worked Including Overtime — 108.00

CTO

Cash Overtime

Regular Time Worked (line 11 Minus 12-13) — 108.00

### ABSENCE INFORMATION TOTALS

| scriptio | Symbol | Total Hours |
|---|---|---|
| Vacation / Annual Leave | V / AL | |
| 15 Sick Leave–Self | S | |
| 16 Family Sick Leave | FS | |
| 17 CTO (Overtime) Taken | T | |
| 18 Excess Taken | TE | |
| 19 Holiday Credit Taken | HC | |
| 20 Personal Holiday | PH | |
| 21 Bereavement Leave* | BL | |
| 22 Jury Duty ** or Subpoenaed Witness*** | J/SW | |
| 23 Personal Leave | PL | |
| 24 2003 Personal Leave Day Program | LD | |
| 25 Approved Leave Without Pay | L | |
| 26 Voluntary Unpaid Leave Program | PV | |
| 27 Unapproved Leave Without Pay (AWOL) | A | |
| 28 Paid State Holiday | H | 8.00 |
| 29 Other (use appropriate symbol from instructions) | | |
| 30 Absence Totals (Add Lines 15 Through 30) | FH | 52.00 |
| 31 Normal Total Hrs. This Pay Period (Add Lines 14 & 31) | | 60.00 |
| 32 | | 168.00 |

\* Attach Substantiation
** Attach jury duty service stub
*** Attach subpoena
WCI - Approved Worker‼s Compensation Injury
FMLA - Family Medical Leave Act

### Available Hours

Beginning this Pay Period

| | Symbol |
|---|---|
| S | |
| V/AL | |
| CTO | |
| PH | |
| LD | |

## 12) DAILY ATTENDANCE

| Line No. | 31 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 8 | 8 | 8 | 8 | 0 | | | 8 | 0 | 8 | 8 | 8 | 8 | 4 | | H | O | L | I | D | A | Y | | 8 | 8 | 8 | 8 | 8 | 0 | 0 | 0 | | |
| 11 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 12 | | 0 | 0 | 0 | 0 | 0 | | | 0 | 0 | 0 | 0 | 0 | 0 | 0 | | H | O | L | I | D | A | Y | | 0 | 0 | 0 | 0 | 8 | 0 | 0 | 0 | | |
| 13 | | 8 | 8 | 8 | 8 | 8 | | | 8 | 8 | 8 | 8 | 8 | 8 | 4 | | 0 | 0 | 0 | 0 | 0 | 0 | 0 | | 8 | 8 | 8 | 8 | 8 | 0 | 0 | 0 | | |
| 14 | | 1 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | 1 | | |

## ABSENCE INFORMATION

General nature of Illness or Reason for Absence. Indicate date(s) and reason:

☐ Illness Self ☐ Family Illness (show relationship) ☐ FMLA* (dates _____) ☐ WCI* (dates _____)

☐ Health Care Appt. ☐ Bereavement Leave* (show relationship) ☐ Jury Duty**

### Excess Summary

Excess Earned (WE) _____

Excess Taken (TE) _____

Dates of Absence: (Enter symbol and number of hours in date blocks, use symbols shown in section to the right)

| | 31 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | FH | | | 8 | | | | | FH | FH | FH | H | FH | FH | FH | | | | FH | | | | | | FH | | | | |
| | | | | | | 8 | | | | | | | | | 4 | | | | | 8 | | | | 8 | | | | | 8 | | | | | |

Certification Of Employee. To the best of my knowledge and belief the facts stated are accurate and in full compliance with legal requirements.

Signature _____  Date  1-27-11

Certification of Supervisor. Attendance, absences and overtime recorded have been verified and/or authorized in accordance with prescribed directives.

Signature _____  Date  11/27/11

☐ Supervisor has knowledge of reason for sick leave.

Filed 11/14/11        Case 10-36484        Doc 40

STATE OF CALIFORNIA
# TIME REPORT
CEC 35 (REV. 2/04)

CALIFORNIA ENERGY COMMISSION

| 1) Time Base | 2) STO | 3) Position No. | 4) AWG | 4/10/40 | 9/8/80 | 5) CBID | 6) WWG |
|---|---|---|---|---|---|---|---|
| Full Time | | 4737-008 | AWG | | | S01 | WWG SE |

7) Name: Eric Solorio

8) SSN: 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

9) Unit Code: 710

10) Month/Year: Dec/10

11) Check Box if Intermittent Employee

## 12) DAILY ATTENDANCE

| Line No. | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 10 | 10 | 8 | | | 11 | 11 | 11 | 11 | 10 | 11 | 11 | 8 | 14 | 8 | 15 | 8 | 8 | 8 | 8 | 8 | 8 | | | | 8 | 8 | 8 | 8 | 0 | |
| | 2 | 2 | 8 | | | 3 | 3 | 3 | 3 | 2 | 3 | 3 | 7 | | | | | | | | | | | | | | | | | | |

## 13) Project Time Reporting (FILL IN ALL COLUMNS.)

| | Comment | D AFC | 6 | 2 | 5 | 5 | D | 8 | 6 | 1 | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Sterling Solar 1 | | | | | | | | | | 176.00 |
| 2 | | | | | | | | | | | --- |
| 3 | | | | | | | | | | | --- |
| 4 | | | | | | | | | | | --- |
| 5 | | | | | | | | | | | --- |
| 6 | | | | | | | | | | | --- |
| 7 | | | | | | | | | | | --- |
| 8 | | | | | | | | | | | --- |
| 9 | | | | | | | | | | | --- |
| 10 | | | | | | | | | | | --- |
| 11 | | | | Total Hours Worked Including Overtime | | | | | | | 176.00 |
| 12 | | | | CTO | | | | | | | |
| 13 | | | | Cash   Overtime | | | | | | | 56.00 |
| 14 | | | Regular Time Worked (line 11 Minus 12-13) | | | | | | | | 120.00 |

## ABSENCE INFORMATION TOTALS

| Line | Descriptions | Symbol | Total Hours |
|---|---|---|---|
| 15 | Vacation / Annual Leave | V / AI | --- |
| 16 | Sick Leave--Self | S | |
| 17 | Family Sick Leave | FS | |
| 18 | CTO (Overtime) Taken | T | |
| 19 | Excess Taken | TE | |
| 20 | Holiday Credit Taken | HC | |
| 21 | Personal Holiday | PH | |
| 22 | Bereavement Leave* | BL | |
| 23 | Jury Duty** or Subpoenaed Witness*** | J/SW | |
| 24 | Personal Leave | PL | |
| 25 | 2003 Personal Leave Day Program | LD | |
| 26 | Approved Leave Without Pay | L | |
| 27 | Voluntary Unpaid Leave Program | PV | |
| 28 | Unapproved Leave Without Pay (AWOL) | A | |
| 29 | Paid State Holiday | H | |
| 30 | Other (use appropriate symbol from instructions) | FH / | 56.00 / |
| 31 | Absence Totals (Add Lines 15 Through 30) | | |
| 32 | Normal Total Hrs. This Pay Period (Add Lines 14 & 31) | | 176.00 |

* Attach Substantiation
** Attach jury duty service stub
*** Attach subpoena

WCI - Approved Workers Compensation Injury
FMLA - Family Medical Leave Act

## ABSENCE INFORMATION

General nature of Illness or Reason for Absence. Indicate date(s) and reason:

☐ Illness Self ☐ Family Illness (show relationship) ☐ FMLA* (dates _____)

☐ Health Care Appt. ☐ Bereavement Leave* (show relationship) ☐ Jury Duty**

☐ WCI* (dates _____)

### Excess Summary

Excess Earned (WE) _____
Excess Taken (TE) _____

Dates of Absence: (Enter symbol and number of hours in date blocks, use symbols shown in section to the right)

| 31 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | FH | FH | FH | FH | FH | | | | | | FH | FH | | | | | |
| | | | | | | | | | | | | | | | 8 | 8 | 8 | 8 | | | | | | 8 | 8 | | | | | |

**Certification of Employee.** To the best of my knowledge and belief the facts stated are accurate and in full compliance with legal requirements

Signature _____ Date 12/27/10

**Certification of Supervisor.** Attendance, absences and overtime recorded have been verified and/or authorized in accordance with prescribed directives.

Signature _____ Date _____

☐ Supervisor has knowledge of reason for sick leave.

### Available Hours
Beginning this Pay Period

| Symbol | |
|---|---|
| S | |
| V/AL | |
| CTO | |
| PH | |
| LD | |

CALIFORNIA ENERGY COMMISSION

# TIME REPORT
CEC 35 (REV. 2/04)

| 1) Time Base | 2) STO | 3) Position No. | 4) AWS | 5) CBID | 6) WWG |
|---|---|---|---|---|---|
| Full Time | | 4737-008 | 4/10/40  9/8/80 | S01 | WWG SE |

7) Name: **Eric Solorio**

8) SSN: **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**

9) Unit Code: **710**

10) Month/Year: **Nov/10**

11) Check Box if Intermittent Employee

### 12) DAILY ATTENDANCE

### ABSENCE INFORMATION

General nature of Illness or Reason for Absence: Indicate date(s) and reason:

☐ Illness Self  ☐ Family Illness (show relationship)

☐ Health Care Appt  ☐ Bereavement Leave* (show relationship)  ☐ FMLA* (dates _____ )  ☐ WCI* (dates _____ )  ☐ Jury Duty**

Dates of Absence: (Enter symbol and number of hours in date blocks, use symbols shown in section to the right)

**Excess Summary**
Excess Earned (WE) _____
Excess Taken (TE) _____

Certification Of Employee.    To the best of my knowledge and belief the facts stated are accurate and in full compliance with legal requirements

Signature _____   Date  11/30/10

Certification of Supervisor.   Attendance, absences and overtime recorded have been verified and/or authorized in accordance with prescribed directives.

Signature _____   Date  11/30/10

☐ Supervisor has knowledge of reason for sick leave.

### 13) Project Time Reporting
(FILL IN ALL COLUMNS)

| Line No. | Comment | Project | | | Ph | Activity | Total Hours |
|---|---|---|---|---|---|---|---|
| 1 | eSolar 1 | D.AFC | 7 | 5 | 1 | 1 | 4 | D | 8 | 6 | 1 | 156.00 |
| 2 | Pio Pico | D.AFC | 6 | 2 | 1 | 0 | D | 8 | 6 | 2 | 6.00 |
| 3 | Solar Millennium Ridgecre | D.AFC | 7 | 5 | 4 | 1 | D | 8 | 6 | 2 | 14.00 |
| 4 | | | | | | | | | | | |
| 5 | | | | | | | | | | | |
| 6 | | | | | | | | | | | |
| 7 | | | | | | | | | | | |
| 8 | | | | | | | | | | | |
| 9 | | | | | | | | | | | |
| 10 | | | | | | | | | | | |
| 11 | | | | | | | | | | | 176.00 |
| 12 | | | Total Hours Worked Including Overtime | | | | | | CTO | | | |
| 13 | | | | | | | | Cash | Overtime | | | 40.00 |
| 14 | | Regular Time Worked (line 11 Minus 12-13) | | | | | | | | | | 136.00 |

### ABSENCE INFORMATION TOTALS

| | Descriptions | Symbol | Total Hours |
|---|---|---|---|
| 15 | Vacation / Annual Leave | V / Al | |
| 16 | Sick Leave - Self | S | |
| 17 | Family Sick Leave | FS | |
| 18 | CTO (Overtime) Taken | T | |
| 19 | Excess Taken | TE | |
| 20 | Holiday Credit Taken | HC | |
| 21 | Personal Holiday | PH | |
| 22 | Bereavement Leave* | BL | |
| 23 | Jury Duty **  or Subpoenaed Witness*** | J/SW | |
| 24 | Personal Leave | PL | 8.00 |
| 25 | 2003 Personal Leave Day Program | LD | |
| 26 | Approved Leave Without Pay | L | |
| 27 | Voluntary Unpaid Leave Program | PV | |
| 28 | Unapproved Leave Without Pay (AWOL) | A | |
| 29 | Paid State Holiday | H | 24.00 |
| 30 | Other (use appropriate symbol from instructions) | FH / | 8.00 / |
| 31 | Absence Totals (Add Lines 15 Through 30) | | 40.00 |
| 32 | Normal Total Hrs. This Pay Period (Add Lines 14 & 31) | | 176.00 |

*    Attach Substantiation
**   Attach jury duty service stub
***  Attach subpoena
WCI - Approved Worker's Compensation Injury
FMLA - Family Medical Leave Act

### Available Hours
Beginning this Pay Period

| | |
|---|---|
| S | |
| V/Al | |
| CTO | |
| PH | |

STATE OF CALIFORNIA
# TIME REPORT
CEC 35 (REV. 2/04)

CALIFORNIA ENERGY COMMISSION

| | | | |
|---|---|---|---|
| 1) Time Base **Full Time** | 2) STO ☐ | 3) Position No. **4737-008** | 4) AWS ☐ 4/10/40 ☐ 9/8/80 ☐ |
| | | | 5) CBID **S01** 6) WWG **WWG SE** ☐ |

7) Name **Eric Solorio**

8) SSN **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**

9) Unit Code **710**

10) Month/Year **Oct/10**

11) Check Box if Intermittent Employee ☐

## 12) DAILY ATTENDANCE

| Ln | 31 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 0 | 0 | 0 | | 4 | 4 | | 8 | 0 | 0 | 0 | | 4 | 0 | 0 | 0 | | 8 | 4 | 4 | 0 | | 8 | 0 | 0 | 8 | 8 | | 4 | 4 | 0 | 0 | |
| | 0 | 0 | 0 | | 4 | 4 | 4 | 8 | 0 | 0 | 0 | | 4 | 4 | | | | 8 | 4 | 4 | | | 8 | 0 | 0 | 8 | 8 | | 4 | 4 | 0 | 0 | |
| | 31 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 1 |

## 13) Project Time Reporting
### (FILL IN ALL COLUMNS.)

| Line No. | Comment | | Project | | | | Ph | Activity | Total Hours |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Solar Millennium Ridgecrest | D AFC | 7 | 5 | 4 | 1 | D | 8 6 2 | 56.00 |
| 2 | Pio Pico | A Prefiling | 6 | 2 | 1 | 0 | A | 8 6 2 | 56.00 |
| 3 | | | | | | | | | ⋯ |
| 4 | | | | | | | | | ⋯ |
| 5 | | | | | | | | | ⋯ |
| 6 | | | | | | | | | ⋯ |
| 7 | | | | | | | | | ⋯ |
| 8 | | | | | | | | | ⋯ |
| 9 | | | | | | | | | ⋯ |
| 10 | | | | | | | | | ⋯ |
| 11 | Total Hours Worked Including Overtime | | | | | | | | 112.00 |
| 12 | | | | | | | | CTO | |
| 13 | Cash Overtime | | | | | | | | |
| 14 | Regular Time Worked (line 11 Minus 12-13) | | | | | | | | 112.00 |

## ABSENCE INFORMATION TOTALS

| Symbol | Descriptions | Total Hours |
|---|---|---|
| 15 | Vacation / Annual Leave | V / AL |
| 16 | Sick Leave–Self | S |
| 17 | Family Sick Leave | FS |
| 18 | CTO (Overtime) Taken | T |
| 19 | Excess Taken | TE |
| 20 | Holiday Credit Taken | HC |
| 21 | Personal Holiday | PH |
| 22 | Bereavement Leave* | BL |
| 23 | Jury Duty ** or Subpoenaed Witness*** | J/SW |
| 24 | Personal Leave | PL |
| 25 | 2003 Personal Leave Day Program | LD |
| 26 | Approved Leave Without Pay | L |
| 27 | Voluntary Unpaid Leave Program | PV |
| 28 | Unapproved Leave Without Pay (AWOL) | A |
| 29 | Paid State Holiday | H |
| 30 | Other (use appropriate symbol from instructions) | |
| 31 | Absence Totals (Add Lines 15 Through 30) | FH / 64.00 / |
| 32 | Normal Total Hrs. This Pay Period (Add Lines 14 & 31) | 176.00 |

* Attach Substantiation
** Attach jury duty service stub
*** Attach subpoena
WCI - Approved WorkerIs Compensation Injury
FMLA - Family Medical Leave Act

**Yellow - Employee's Copy**

### Available Hours
| | Beginning this Pay Period |
|---|---|
| S | |
| V/AL | |
| CTO | |
| PH | |
| LD | |

## ABSENCE INFORMATION

General nature of Illness or Reason for Absence. Indicate date(s) and reason:

☐ Illness Self　☐ Family Illness (show relationship)　☐ FMLA* (dates _____ )

☐ Health Care Appt.　☐ Bereavement Leave* (show relationship)　☐ Jury Duty**

☐ WCI* (dates _____ )

**Dates of Absence:** (Enter symbol and number of hours in date blocks; use symbols shown in section to the right)

| 31 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FH | | | | | FH | FH | FH | | | | | FH | FH FH | | | FH | | FH | | | | FH | | | | | | | | | |
| 8 | | | | | 8 | 8 | | | | | | 8 | 8 8 | | | 8 | | 8 | | | | 8 | | | | | | | | | |

### Excess Summary
Excess Earned (WE) |
Excess Taken (TE) |

**Certification Of Employee.** To the best of my knowledge and belief the facts stated are accurate and in full compliance with legal requirements

Signature _Eric Solorio_　Date _10-28-10_

**Certification of Supervisor.** Attendance, absences and overtime recorded have been verified and/or authorized in accordance with prescribed directives

Signature _____　Date _____

☐ Supervisor has knowledge of reason for sick leave.

# STATE OF CALIFORNIA
## TIME REPORT
STD. 635 (REV. 2/04)

CALIFORNIA ENERGY COMMISSION

| 1) Time Base | 2) STO | 3) Position No. | 4) AWG | 4/10/40 | 9/8/80 | 5) CBID | 6) WWG |
|---|---|---|---|---|---|---|---|
| Full Time | | 4737-008 | | | | S01 | WWG SE |

9) Unit Code: 710
8) SSN: 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
7) Name: Eric Solorio
10) Month/Year: Sep/10
11) Check Box if Intermittent Employee

## 12) DAILY ATTENDANCE

| Line No. | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 4. | | | 4 | H | | | 8. | 8. | | 4. | 4 | | 4. | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | | | | 4 | 4 | 4 | | |
| 2 | 4. | | | 4 | O | L | I | D | A | Y | | 4. | 4 | | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | | | | 4 | 4 | 4 | | |

## ABSENCE INFORMATION

General nature of Illness or Reason for Absence. Indicate date(s) and reason:
☐ Illness Self  ☐ Family Illness (show relationship)  ☐ FMLA* (dates _____)  ☐ WCI* (dates _____)
☐ Health Care Appt.  ☐ Bereavement Leave* (show relationship)  ☐ Jury Duty**

**Dates of Absence:** (Enter symbol and number of hours in date blocks, use symbols shown in section to the right)

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FH | 8. | | | | H 8 | | | FH 8. | FH 8. | | FH 8. | FH 8. | | FH 8. | FH 8. | FH 8. | | FH 8. | | | | | | | | FH 8 | | | | | |

### Excess Summary
Excess Earned (WE): _____
Excess Taken (TE): _____

**Certification Of Employee.** To the best of my knowledge and belief the facts stated are accurate and in full compliance with legal requirements.

Signature _____ Date _____

**Certification of Supervisor.** Attendance, absences and overtime recorded have been verified and/or authorized in accordance with prescribed directives.

Signature _____ Date _____

☐ Supervisor has knowledge of reason for sick leave.

## 13) Project Time Reporting
(FILL IN ALL COLUMNS.)

| Line No. | Comment | Project | | | Ph | Activity | Total Hours |
|---|---|---|---|---|---|---|---|
| 1 | Solar Millennium Ridgecrest | D | AFC | 7 5 | 4 1 | 1 0 | 60.00 |
| 2 | Pio Pico | D | AFC | 6 2 | 1 0 | D 8 6 2 | 52.00 |
| 3 | | | | | | | ... |
| 4 | | | | | | | ... |
| 5 | | | | | | | ... |
| 6 | | | | | | | ... |
| 7 | | | | | | | ... |
| 8 | | | | | | | ... |
| 9 | | | | | | | ... |
| 10 | | | | | | | ... |
| 11 | Total Hours Worked Including Overtime | | | | | | 112.00 |
| 12 | CTO | | | | | | ... |
| 13 | Cash  Overtime | | | | | | ... |
| 14 | Regular Time Worked (line 11 Minus 12-13) | | | | | | 112.00 |

## ABSENCE INFORMATION TOTALS

| | Descriptions | Symbol | Total Hours |
|---|---|---|---|
| 15 | Vacation / Annual Leave | V / Al | ... |
| 16 | Sick Leave--Self | S | ... |
| 17 | Family Sick Leave | FS | ... |
| 18 | CTO (Overtime) Taken | T | ... |
| 19 | Excess Taken | TE | ... |
| 20 | Holiday Credit Taken | HC | ... |
| 21 | Personal Holiday | PH | ... |
| 22 | Bereavement Leave* | BL | ... |
| 23 | Jury Duty ** or Subpoenaed Witness*** | J/SW | ... |
| 24 | Personal Leave | PL | ... |
| 25 | 2003 Personal Leave Day Program | LD | ... |
| 26 | Approved Leave Without Pay | L | ... |
| 27 | Voluntary Unpaid Leave Program | PV | ... |
| 28 | Unapproved Leave Without Pay (AWOL) | A | ... |
| 29 | Paid State Holiday | H | 8.00 |
| 30 | Other (use appropriate symbol from instructions) | FH | 56.00 |
| 31 | Absence Totals (Add Lines 15 Through 30) | | 64.00 |
| 32 | Normal Total Hrs. This Pay Period (Add Lines 14 & 31) | | 176.00 |

* Attach Substantiation
** Attach jury duty service stub
*** Attach subpoena
WCI - Approved Worker's Compensation Injury
FMLA - Family Medical Leave Act

## Available Hours
Beginning this Pay Period

| Symbol | |
|---|---|
| S | |
| V/AL | |
| CTO | |
| PH | |
| LD | |

**Exhibit D**
A Medical Appointment Log of Eric Solorio's Doctor's Appointments
Obtained on November 11, 2011, from Mercy Medical Group

# SOLORIO, ERIC K

**Name:** SOLORIO,ERIC K  **MRN:** 172855  **PatAge:** 43  **FIN:**
**CellPagerNum:** 916-769-3777  **McaPcp:** NASSIM MD,ARASH  **DOB:** 10/09/1968  **FSC1:** BSV
**PatientLanguage:** ENGLISH  **Tel:** 916-419-3777  **Sex:** M  **FSC2:** CCC

| Date | Day | Time | Status | Type | Provider | Dept | Loc | Dur. | Set No. | Appt No. | Attach |
|------|-----|------|--------|------|----------|------|-----|------|---------|----------|--------|
| 11/15/2011 | TUE | 08:20AM | PEN | O10 | SHEA MD,MICHAEL | SSM | DT | 10 | | 11530624 | GV$ |
| 10/04/2011 | TUE | 08:30AM | ARR | C20 | SHEA MD,MICHAEL | SSM | DT | 20 | | 11488787 | CIV$ |
| 09/19/2011 | MON | 01:15PM | ARR | SDV | NASSIM MD,ARASH | SIM | NAT | 15 | | 11447819 | CIV$ |
| 03/28/2011 | MON | 01:15PM | ARR | SDV | NASSIM MD,ARASH | SIM | NAT | 15 | | 10614338 | CIV$ |
| 08/18/2010 | WED | 01:45PM | ARR | SDV | NASSIM MD,ARASH | SIM | NAT | 15 | | 9589698 | CIV$ |
| | WED | 03:00PM | CAN | O15 | NASSIM MD,ARASH | SIM | NAT | 15 | | 9309906 | CV$ |
| | TUE | 08:15AM | BMP | O15 | NASSIM MD,ARASH | SIM | NAT | 15 | | 5298532 | CV$ |
| | THU | 01:30PM | ARR | O15 | NASSIM MD,ARASH | SIM | NAT | 15 | | 8509186 | CIV$ |
| | WED | 10:15AM | PEN | O15 | NASSIM MD,ARASH | SIM | NAT | 15 | | 8437446 | CV$ |
| | TUE | 03:15PM | CAN | O15 | NASSIM MD,ARASH | SIM | NAT | 15 | | 7135693 | CV$ |
| | MON | 08:00AM | ARR | O15 | NASSIM MD,ARASH | SIM | NAT | 15 | | 7136088 | CIV$ |
| | MON | 03:00PM | ARR | O15 | NASSIM MD,ARASH | SIM | NAT | 15 | | 6458930 | CI$ |
| | WED | 02:15PM | ARR | O15 | NASSIM MD,ARASH | SIM | NAT | 15 | | 6164382 | CI$ |
| | MON | 11:15AM | ARR | O15 | NASSIM MD,ARASH | SIM | NAT | 15 | | 5971031 | CI$ |
| | MON | 11:00AM | ARR | O15 | NASSIM MD,ARASH | SIM | NAT | 15 | | 5294884 | CI$ |
| | WED | 01:30PM | ARR | O30 | NASSIM MD,ARASH | SIM | NAT | 30 | | 5294242 | CI$ |
| | FRI | 01:00PM | ARR | O15 | VARUGHESE MD,BIJU | SFP | DT | 15 | | 3545274 | CI$ |
| | FRI | 11:00AM | ARR | UCS | CARE DT,URGENT | SUCDT | DT | 5 | | 3452700 | CI$ |
| | TUE | 02:45PM | ARR | O15 | VARUGHESE MD,BIJU | SFP | DT | 15 | | 3074358 | CI$ |
| | MON | 03:15PM | ARR | O15 | REVILLE MD,JOHN | SFP | DT | 15 | | 2937033 | CI$ |
| | TUE | 03:00PM | ARR | UCS | CARE DT,URGENT | SUCDT | DT | 5 | | 2085176 | CI$ |
| | TUE | 10:45AM | ARR | O15 | VARUGHESE MD,BIJU | SFP | DT | 15 | | 1467127 | CI$ |
| | FRI | 10:30AM | ARR | O15 | VARUGHESE MD,BIJU | SFP | DT | 15 | | 1147289 | CI$ |

**Exhibit E**
Eric Solorio's Prescription Receipt Log From Bel-Air Pharmacy

11-Nov-11                                                           Page    1

                    Patient Medical Expenses Report


          ERIC        SOLORIO                    BEL AIR PHARMACY #528
     4352 GIBRALTER ST                           3250 ARENA BOULEVARD
     SACRAMENTO          CA 95834                 SACRAMENTO      CA 95834

PATLST2A
=================================================================================

| Date | Rx # | Qty | Unit | Product Name | NDC | Prescriber Name | T/P Authorization | Total | Patient Pays | Insurer Pays |
|------|------|-----|------|--------------|-----|-----------------|-------------------|-------|--------------|--------------|
| ~~~~~~~~~~ | | ~~~~~~~~~~ | | | 00781-1077-05 | Dr.NASSIM | | 14.39 | 14.39 | 0.00 |
| 08/18/10 | 4112804 | 30TAB | | ALPRAZOLAM TABS 0.5MG | 00781-1077-05 | Dr.NASSIM | | 10.29 | 10.29 | 0.00 |
| 01/21/11 | 4114277 | 30TAB | | ALPRAZOLAM TABS 0.5MG | 00781-1077-05 | Dr.NASSIM | | 10.29 | 10.29 | 0.00 |
| ~~~~~~~~~~ | | ~~~~~~~~~~ | | | 00781-1496-68 | Dr.NEALON | A9114868421291 | 10.04 | 5.00 | 5.04 |
| ~~~~~~~~~~ | | ~~~~~~~~~~ | | | 00904-5125-59 | Dr.NASSIM | | 9.49 | 9.49 | 0.00 |
| 08/09/11 | 4116233 | 30TAB | | ALPRAZOLAM TAB 0.5 MG | 59762-3720-03 | Dr.NASSIM | | 8.79 | 8.79 | 0.00 |
| ~~~~~~~~~~ | | ~~~~~~~~~~ | | | 68382-0051-01 | Dr.NASSIM | A3116627201011 | 3.99 | 3.99 | 0.00 |

Page totals for ERIC        SOLORIO        Date: 11-Nov-11              $67.28    $62.24    $5.04

     Pharmacist Signature: _____

          *  *  *  *  *    D U P L I C A T E     R E C E I P T    *  *  *  *  *

**Exhibit F**
State Bar of California's Webpage
Public Information Report on Donald Wanland Jr. Esq.

http://members.calbar.ca.gov/fal/Member/Detail/122462

Sunday, November 13, 2011

**THE STATE BAR OF CALIFORNIA**

## ATTORNEY SEARCH

## Donald Martin Wanland Jr - #122462

## Current Status:  Active

This member is active and may practice law in California.

See below for more details.

## Profile Information

*The following information is from the official records of The State Bar of California.*

| | | | |
|---|---|---|---|
| **Bar Number:** | 122462 | | |
| **Address:** | Wanland & Spaulding 705 University Ave Sacramento, CA 95825 Map it | **Phone Number:** | (916) 921-5597 |
| | | **Fax Number:** | (916) 921-1828 |
| | | **e-mail:** | Not Available |
| **County:** | Sacramento | **Undergraduate School:** | Univ of California Berkeley; Berkeley CA |
| **District:** | District 2 | | |
| **Sections:** | None | **Law School:** | Santa Clara Univ SOL; Santa Clara CA |

## Status History

| Effective Date | Status Change |
|---|---|
| Present | Active |
| 2/18/1986 | Admitted to The State Bar of California |

Explanation of member status

## Actions Affecting Eligibility to Practice Law

| Effective Date | Description | Case Number | Resulting Status |
|---|---|---|---|
| **Disciplinary and Related Actions** | | | |

Overview of the attorney discipline system.

| Effective Date | Description | Case Number | Resulting Status |
|---|---|---|---|
| 4/15/2011 | Discipline, probation; no actual susp. | 08-O-13238 | |
| 4/5/2002 | Discipline, probation; no actual susp. | 00-O-11320 | |

**Administrative Actions**

This member has no public record of administrative actions.

Copies of official attorney discipline records are available upon request.

Explanation of common actions

Contact Us | Site Map | Privacy Policy | Notices |
Copyright | Accessibility | FAQ

## State Bar Court Cases

© 2010 The State Bar of California

**NOTE:** *The State Bar Court began posting public discipline documents online in 2005. The format and pagination of documents posted on this site may vary from the originals in the case file as a result of their translation from the original format into Word and PDF. Copies of additional related documents in a case are available upon request. Only Opinions designated for publication in the State Bar Court Reporter may be cited or relied on as precedent in State Bar Court proceedings. For further information about a case that is displayed here, please refer to the State Bar Court's online docket, which can be found at:* http://apps.statebarcourt.ca.gov/dockets/dockets.aspx

**DISCLAIMER:** *Any posted Notice of Disciplinary Charges, Conviction Transmittal or other initiating document, contains only allegations of professional misconduct. The attorney is presumed to be innocent of any misconduct warranting discipline until the charges have been proven.*

| Effective Date | Case Number | Description |
|---|---|---|
| 4/15/2011 | 08-O-13238 | Opinion [PDF] [WORD] |

Start New Search »

**Exhibit G**
"Opinion of the Review Department of the State Bar Court"

PUBLIC MATTER – NOT DESIGNATED FOR PUBLICATION

Filed October 6, 2010

REVIEW DEPARTMENT OF THE STATE BAR COURT

| | | |
|---|---|---|
| In the Matter of | ) | No. **08-O-13238** |
| | ) | |
| **DONALD MARTIN WANLAND, JR.,** | ) | **OPINION ON REVIEW** |
| | ) | |
| A Member of the State Bar. | ) | |
| | ) | |

## I. STATEMENT OF THE CASE

Donald Martin Wanland, Jr. and the State Bar's Office of Probation (Probation) failed to perform their respective professional duties.  Wanland stipulated to disciplinary probation terms in 2002, but failed to timely comply with them.  Probation did not properly monitor Wanland's compliance and ignored his late filings.  As a result, the Office of the Chief Trial Counsel (State Bar) did not file disciplinary charges until 18 months after Wanland had completed his five-year probation period.

The hearing judge concluded that Wanland violated his probation terms and recommended a 45-day actual suspension subject to two years' probation.  In choosing an actual suspension, the hearing judge found aggravation in Wanland's prior discipline record, multiple acts of wrongdoing and uncharged misconduct.  The hearing judge also assigned mitigation credit because Wanland completed each probation requirement, albeit late, and the State Bar caused prejudice to Wanland by not promptly filing the case.  Wanland seeks review.

## II. ISSUES

Wanland contends that he is not culpable of violating his probation, and any actual suspension is too harsh. The State Bar did not seek review but requests that we find additional culpability and aggravation, and recommends at least a 90-day actual suspension. The issue before us is: Does the State Bar's delay in filing its Notice of Disciplinary Charges (NDC) sufficiently mitigate this case to justify a stayed suspension for Wanland's violations of his 2002 probation?

### III.  SUMMARY OF THE CASE

Upon independent review of the record (Cal. Rules of Court, rule 9.12), we conclude that the State Bar's delayed filing justifies a stayed suspension. Wanland did not timely comply with his probation terms, but the delayed filing of the disciplinary proceeding significantly mitigates this case. Imposing an actual suspension three years after Wanland satisfied all of his probation conditions would be punitive and would not serve to protect the public or the legal profession. We recommend a 90-day stayed suspension.

### IV.      FINDINGS OF FACT

The following facts have been established by clear and convincing evidence.[1] On March 6, 2002, the Supreme Court ordered that Wanland serve a 30-day stayed suspension and a five-year probation for violating a bankruptcy court order to return a former client's file. The bankruptcy court ordered Wanland to pay attorneys' fees and a fine for each day that he failed to produce the file, resulting in a total of $12,603 (the coercive sanction). Later, the court fined him $13,699.12 for contempt (the contempt sanction) when he failed to pay the initial fine.

In these proceedings, Wanland stipulated to probation conditions that included filing quarterly reports, successfully completing Ethics School by a specific date and paying restitution.

---

[1] Evidence by a clear and convincing standard requires that the proof be " 'so clear as to leave no substantial doubt' [and must be] 'sufficiently strong to command the unhesitating assent of every reasonable mind.' " (*Sheehan v. Sullivan* (1899) 126 Cal. 189, 193.)

He agreed to the five-year probation so he could make restitution payments of $500 per month each to the Internal Revenue Service (IRS) for the coercive sanction and to Wells Fargo Bank for the contempt sanction.

Lydia Dineros, Wanland's probation deputy, regularly communicated with him during the probationary period. She sent Wanland an initial letter explaining the probation requirements and warning that if he failed to timely comply, she would notify the State Bar. Consequently, Wanland sent Dineros at least 50 written communications, including probation reports and copies of money orders as proof that he paid the IRS and Wells Fargo Bank. He completed the restitution requirement in August 2004, having made 45 payments totaling $26,302.12 over two and a half years.

But Wanland did not always timely perform his probation obligations. He made several late restitution payments. He filed his Ethics School certification two months late, mistakenly believing that he was not required to attend the course. He submitted late quarterly reports, and usually only after Dineros called to remind him. The late quarterly report filings are detailed below:

| Date Due | Date Filed |
|----------|-----------|
| Oct. 10, 2002 | Oct. 15, 2002　　(5 days late) |
| Jul. 10, 2003 | Jul. 14, 2003　　(4 days late) |
| Jan. 10, 2004 | Jan. 14, 2004　　(4 days late) |
| Apr. 10, 2004 | Apr. 21, 2004　　(11 days late) |
| Jul 10, 2004 | Aug. 5, 2004　　(26 days late) |
| Oct. 10, 2004 | Feb. 16, 2005　　(129 days late) |
| Jan. 10, 2005 | Feb. 16, 2005　　(37 days late) |
| Apr. 10, 2005 | Apr. 29, 2005　　(19 days late) |
| Jul. 10, 2005 | Oct. 3, 2005　　(85 days late) |
| Jan. 10, 2006 | Feb. 14, 2006　　(35 days late) |
| Apr. 10, 2006 | Aug. 14, 2006　　(126 days late) |
| Jul. 10, 2006 | Aug. 14, 2006　　(35 days late) |

Despite Wanland's tardiness, Dineros filed his late reports for over four years without any repercussions. Consequently, Wanland developed a belief that he and Dineros shared joint responsibility for his compliance with probation terms.

In March 2007, Wanland completed his probation. One year later, a new probation deputy, Cindy Jollotta, was assigned to his case. Dineros had retired from the State Bar in December 2006, and no one in Probation actively maintained Wanland's file for the 15-month period from Dineros' departure to Jollotta's assignment.

Jollotta noted several deficiencies when she reviewed Wanland's file. First, she could not locate the final three quarterly reports for October 2006, January 2007 and April 2007. Second, she found no response to Dineros' February 2005 letter requesting proof that the restitution victims actually received full payment. And finally, she discovered that Dineros had mistakenly filed at least five faxed reports instead of the required originals.

As a result of the file review, Jollotta called Wanland in May 2008, and requested the missing items. She claimed that he seemed annoyed and "hung up" on her. In June 2008, she sent Wanland a follow-up letter seeking the same information. He denied hanging up on Jollotta and receiving her letter. When Jollotta did not hear from Wanland, she referred his probation violations to the State Bar. In turn, the State Bar filed this case on November 18, 2008.

### V.    CULPABILITY FINDINGS

### COUNT 1:  BUSINESS AND PROFESSIONS CODE SECTION 6068 SUBDIVISION (K) – FAILURE TO COMPLY WITH PROBATION CONDITIONS

The State Bar has charged that Wanland violated Business and Professions Code section 6068, subdivision (k),[2] because he failed to timely comply with probation conditions in three

---

[2] Section 6068, subdivision (k), requires an attorney "[t]o comply with all conditions attached to any disciplinary probation, including a probation imposed with the concurrence of the attorney."

ways: (1) he failed to file quarterly reports on time; (2) he failed to satisfy the Ethics School requirement and timely file proof; and (3) he failed to file the last three quarterly reports.

At trial, Wanland stipulated to the first two allegations, and the hearing judge found him culpable. We agree. As to the third allegation, the hearing judge found that the State Bar failed to prove Wanland did not file his last three quarterly reports. Again, we agree. The State Bar relied exclusively on Jollotta's testimony that the reports were missing from the file to prove that Wanland did not submit them, even though she did not assume responsibility for the matter until 15 months after Dineros left. Wanland thought he had submitted the reports to Probation, but was not certain because so many years had passed. Probation did not actively monitor his case for 15 months after Dineros retired. The State Bar's evidence does not clearly and convincingly establish that Wanland failed to file the final three reports.

On review, Wanland presents two primary defenses to culpability for violating probation: He did not act willfully and he substantially complied with probation. We reject both for reasons outlined below.

Wanland first contends that he did not *willfully* violate probation since he never intended to act in "bad faith," citing Black's Law Dictionary's definition of "willful." He claims he merely acted negligently and filed tardy reports because of the "press of business," "illness" or "being out of town." Willful misconduct in attorney discipline matters does not require bad faith, but calls only for a general purpose or intent to commit an act or make an omission.[3]

---

All further references to "section(s)" are to the Business and Professions Code unless otherwise noted.

3 (See Durbin v. State Bar (1979) 23 Cal.3d 461, 467 [general intent for willful violations of Rule 955(c)]; Zitny v. State Bar (1966) 64 Cal.2d 787, 792 [general intent for willful violations of Rules of Professional Conduct]; In the Matter of Taggart (Review Dept. 2001) 4 Cal. State Bar Ct. Rptr. 302, 309 [general intent for willful "probation revocation (and other disciplinary) proceedings"].)

Wanland knew about each filing deadline, but ignored them until Dineros called to remind him. This repeated conduct demonstrates he acted with a general purpose or intent to file late reports.[4]

Wanland next contends that he substantially complied with the probation requirements and his late filings were merely technical violations. We cannot excuse even "insubstantial" or "technical" violations because probationers must fully comply with all aspects of probation conditions. (*In the Matter of Potack* (Review Dept. 1991) 1 Cal. State Bar Ct. Rptr. 525, 537.) "[S]ubstantial compliance with a probation condition is not a defense to culpability. [Citation.]" (*In the Matter of Rose* (Review Dept. 1997) 3 Cal. State Bar Ct. Rptr. 646, 652.)

## VI. AGGRAVATION AND MITIGATION

The offering party bears the burden of proof for aggravating and mitigating circumstances. Wanland must establish mitigation by clear and convincing evidence (std. 1.2(e)),[5] while the State Bar has the same burden to prove aggravating circumstances. (Std. 1.2(b).)

## A. THREE FACTORS IN AGGRAVATION

Like the hearing judge, we find three factors in aggravation. First, Wanland committed prior misconduct when he violated the bankruptcy court orders resulting in sanctions, prompting the underlying discipline order. (Std. 1.2(b)(i).) Second, he committed multiple acts of wrongdoing when he repeatedly filed late probation reports. (Std. 1.2(b)(ii).) In fact, Wanland needed continual reminders to file the reports, which is "inconsistent with the self-governing nature of probation as a rehabilitative part of the attorney disciplinary system." (*In the Matter of*

---

[4] We strike the Black's Law Dictionary attachment to Wanland's opening brief. Since this document was not admitted at trial, it violates rule 306(a) of the Rules of Procedure of the State Bar that permits us to consider only evidence in the Hearing Department record.

[5] All further references to "standard(s)" are to the Rules of Procedure of the State Bar, title IV, Standards for Attorney Sanctions for Professional Misconduct unless otherwise noted.

*Gorman* (Review Dept. 2003) 4 Cal. State Bar Ct. Rptr. 567, 573.)  Third, Wanland committed

uncharged misconduct by failing to provide Probation with proper proof of restitution.

(Std. 1.2(b)(iii).)  Although he made all restitution payments, he did not furnish proof that the

IRS and Wells Fargo Bank actually *received* payment, by either cancelled check (front and back)

or payee declaration, as Probation had requested.  We assign moderate weight to the totality of

the aggravation evidence.

**B.      TWO FACTORS IN MITIGATION**

We agree with the hearing judge that Wanland proved two factors in mitigation.

First, and most significantly, the State Bar delayed filing the NDC.  (Std. 1.2(e)(ix); see

*Sodikoff v. State Bar* (1975) 14 Cal.3d 422, 431-432 [whether delay constitutes mitigating

circumstance determined on case-by-case basis]; see also *In the Matter of Carr* (Review Dept.

1992) 2 Cal. State Bar Ct. Rptr. 244, 257 [std. 1.2(e)(ix) particularly relevant in probation

revocation proceedings that must be expedited].)  Wanland urges that this delay entitles him to a

dismissal because he could not remember important facts, including whether he submitted the

final three quarterly reports.  But he suffered no legally cognizable prejudice in this case because

the State Bar did not successfully prove that he failed to file his final reports, and Wanland

stipulated to the other late filings. Even so, it is unacceptable that the State Bar filed the NDC 18

months after Wanland's probation had expired and five years after he had paid restitution and

completed Ethics School.  (See *In the Matter of Wolff* (Review Dept. 2006) 5 Cal. State Bar Ct.

Rptr. 1, 13 [delay may be considered in mitigation even though no prejudice].)[6]  The delay

significantly mitigates this case.

---

[6] We also reject Wanland's claim for dismissal under the affirmative defenses of laches, estoppel, ratification and waiver since he suffered no prejudice, as described above.

As a second mitigation factor, we assign some credit to Wanland for belatedly completing all of the terms of his probation. (*In the Matter of Gorman*, *supra*, 4 Cal. State Bar Ct. Rptr. at p. 572 ["some" mitigation for sincere "steps to make restitution and comply with probation"]; *In the Matter of Rose*, *supra*, 3 Cal. State Bar Ct. Rptr. at p. 652 ["belated compliance with a probation condition may be considered as a mitigating factor in determining discipline"].) Notably, Wanland paid full restitution as a condition of probation by making monthly payments for two and a half years. (See *In the Matter of Taggart*, *supra,* 4 Cal. State Bar Ct. Rptr. at pp. 310-311 [restitution is important indicator of attorney rehabilitation].)

Overall, the mitigation outweighs the aggravation.

## VII. PRINCIPLES OF LAW AND ANALYSIS

### A. STATUTE OF LIMITATIONS

Rule 51(a) of the Rules of Procedure of the State Bar governs the statute of limitations in attorney discipline matters and provides: "A disciplinary proceeding based solely on a complainant's allegation of a violation of the State Bar Act or Rules of Professional Conduct shall be initiated within five years from the date of the alleged violation."[7] Wanland contends that his first two late quarterly reports in October 2002 and July 2003, and his Ethics School compliance on June 12, 2003, are time-barred under rule 51(a). We reject this contention since the State Bar initiated this case and rule 51(a) applies only to charges initiated by third-party complaints. (*In the Matter of Wolff, supra,* 5 Cal. State Bar Ct. Rptr. at p. 9.)

### B. DISCIPLINE

The purpose of attorney discipline is not to punish the attorney, but to protect the public, the courts and the legal profession, to maintain high standards for attorneys and to preserve

---

[7] All further references to "rule(s)" are to the Rules of Professional Conduct of the State Bar unless otherwise noted.

public confidence in the profession. (Std. 1.3.) There is no fixed formula to determine the appropriate discipline. (*In the Matter of Brimberry* (Review Dept. 1995) 3 Cal. State Bar Ct. Rptr. 390, 403.) Ultimately, we balance all relevant factors, including mitigating and aggravating circumstances, on a case-by-case basis to impose discipline consistent with its purpose. (*In re Young* (1989) 49 Cal.3d 257, 266.)

Two standards guide our analysis. Standard 2.6(a) provides that an attorney who violates section 6068 should be suspended or disbarred, depending on the gravity of the offense and the harm to the victim. Standard 1.7(a) calls for progressive discipline where an attorney has previously been disciplined unless the prior was so remote in time or so minimal in severity that a greater discipline would be manifestly unjust. Wanland's earlier discipline was neither remote nor minimal and we therefore apply progressive discipline.

Case law further assists our analysis. Discipline for probation violations spans from imposing the entire stayed suspension to extending the probation period with no actual suspension. (*In the Matter of Potack, supra,* 1 Cal. State Bar Ct. Rptr. at p. 540.) Cases that recommend actual suspensions involve more serious probation violations than Wanland's late filings and therefore do not offer useful guidance. Those violations include failing to complete probation, making no restitution payments or significantly late payments, or having an extensive prior discipline record.[8]

---

[8] (See, e.g., *In the Matter of Gorman, supra,* 4 Cal. State Bar Ct. Rptr. at pp. 572-575 [30-day actual suspension for paying restitution nine months late and failing to timely attend Ethics School]; *In the Matter of Taggart, supra,* 4 Cal. State Bar Ct. Rptr. at pp. 311-313 [six-month actual suspension for failing to pay any restitution over three years and attempt to discharge restitution obligation in bankruptcy]; *In the Matter of Tiernan* (Review Dept. 1996) 3 Cal. State Bar Ct. Rptr. 523, 528 [one-year actual suspension for failing to timely submit five reports or to cooperate and four prior discipline records]; *In the Matter of Broderick* (Review Dept. 1994) 3 Cal. State Bar Ct. Rptr. 138 [one-year actual suspension for failing to make any restitution payments or obtain counseling and filing no quarterly reports].)

If timely prosecuted, we might ordinarily recommend an actual suspension for Wanland's probation violations. But the State Bar's filing delay mitigates this matter and compels us to make an exception since Wanland has made substantial progress toward rehabilitation. In particular, he has completed probation, paid restitution, demonstrated remorse and expressed a sincere desire to abide by probation deadlines on his own initiative. (See *In re Chira* (1986) 42 Cal.3d 904, 909 [actual suspension ordinarily warranted but not imposed because it would be punitive under compelling circumstances of case].)

Mindful that the goals of probation are to protect the public and rehabilitate the attorney (*In the Matter of Potack, supra,* 1 Cal. State Bar. Ct. Rptr. at p. 540), we recommend a 90-day stayed suspension subject to a one-year probation. This discipline is progressive under standard 1.7(a) since Wanland received a 60-day stayed suspension in his prior disciplinary case. The new probation period will give him an opportunity to fully comply with all of Probation's directives. Wanland will face further progressive discipline or even disbarment if he violates probation or commits any future misconduct since it would be his third discipline. (Std. 1.7(b); *In the Matter of Rose*, *supra*, 3 Cal. State Bar Ct. Rptr. 646, 654-655 [disbarment recommended where attorney's third and fourth disciplines were for probation violations].)[9]

## VIII.      CONCLUSIONS OF LAW

The State Bar's excessive delay in filing the NDC sufficiently mitigates this case to justify recommending a stayed suspension for Wanland's violations of his 2002 probation.

## IX. RECOMMENDATION

---

[9]The State Bar did not seek review but makes three requests: (1) increase the actual suspension; (2) find aggravation for lack of remorse; and (3) reverse the hearing judge's finding that the State Bar did not prove Wanland failed to submit his final three quarterly reports. The State Bar's requests are denied for lack of evidence or as meritless for reasons set forth in this opinion. Although we conduct *de novo* review of all issues, we discourage responding parties from requesting review of issues that the appellant did not raise. (*In the Matter of Thomson* (Review Dept. 2006) 4 Cal. State Bar Ct. Rptr. 966, 977.)

We recommend that Donald Martin Wanland, Jr. be suspended from the practice of law in the State of California for 90 days, that execution of that suspension by stayed, and that he be placed on probation for one year on the following conditions:

1.     Wanland must comply with the provisions of the State Bar Act and the Rules of Professional Conduct.

2.     Within 10 days of any change in the information required to be maintained on the membership records of the State Bar pursuant to Business and Professions Code section 6002.1, subdivision (a), including his current office address and telephone number, or if no office is maintained, the address to be used for State Bar purposes, he must report such change in writing to the Membership Records Office of the State Bar and the State Bar's Office of Probation.

3.     He must submit written quarterly reports to the Office of Probation on each January 10, April 10, July 10, and October 10 of the period of probation.  Under penalty of perjury, he must state whether he has complied with the State Bar Act, the Rules of Professional Conduct, and all conditions of probation during the preceding calendar quarter.  In addition to all quarterly reports, a final report, containing the same information, is due no earlier than 20 days before the last day of the probation period and no later than the last day of the probation period.

4.     Subject to asserting applicable privileges, he must answer fully, promptly, and truthfully, any inquiries of the Office of Probation which are directed to him personally or in writing, relating to whether he is complying or has complied with the conditions contained herein.

5.     Within one year of the effective date of the discipline herein, he must submit to the Office of Probation satisfactory evidence of completion of the State Bar's Ethics School and passage of the test given at the end of that session.  This requirement is separate from any Minimum Continuing Legal Education (MCLE) requirement, and he shall not receive MCLE credit for attending Ethics School.  (Rules Proc. of State Bar, rule 3201.)

6.     The period of probation will commence on the effective date of the Supreme Court order imposing discipline in this matter.  At the expiration of the period of probation, if he has complied with all conditions of probation, the 90-day period of stayed suspension will be satisfied and that suspension will be terminated.

## X.  PROFESSIONAL RESPONSIBILITY EXAMINATION

We further recommend that Wanland be ordered to take and pass the Multistate

Professional Responsibility Examination administered by the National Conference of Bar

Examiners within one year of the effective date of the Supreme Court order in this matter and to

-11-

provide satisfactory proof of such passage to the Office of Probation within the same period.

Failure to do so may result in an automatic suspension. (Cal. Rules of Court, rule 9.10(b).)

## XI. COSTS

We further recommend that costs be awarded to the State Bar in accordance with

Business and Professions Code section 6086.10, such costs being enforceable both as provided in

section 6140.7 and as a money judgment.

PURCELL, J.

We concur:

REMKE, P. J.

EPSTEIN, J.